UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                                                 CASE NO.:   21-18481-MAM
                                                                                  Chapter 7
NITV LLC

        Debtor
_____/

## TRUSTEE'S EX PARTE APPLICATION FOR EMPLOYMENT OF ATTORNEY

Michael R. Bakst, Trustee in Bankruptcy for NITV, LLC, respectfully requests an Order of the Court authorizing the employment of Michael R. Bakst, Esq., and the law firm of Greenspoon Marder LLP, to represent the Trustee in this case and states:

### A. THE SPECIFIC FACTS NECESSITATING EMPLOYMENT:

It will be necessary for the Trustee to retain counsel to pursue the recovery of assets of the estate and to possibly take Rule 2004 Examinations, as well as potential contested matters and/or adversary proceedings to be pursued.

### B. THE NAME OF THE PERSON TO BE EMPLOYED:

Attached to this application is the proposed attorney's affidavit demonstrating Michael R. Bakst, Esq., and the law firm of Greenspoon Marder LLP, are disinterested parties as required by 11 U.S.C. § 327(a) and a verified statement as required under FRBP 2014.

### C. THE REASON FOR SELECTING THE FIRM OR INDIVIDUAL:

The Trustee believes that the attorney is qualified to practice in the Bankruptcy Court and is qualified to advise the Trustee on its relations with and responsibilities to the Debtor, creditors and other parties.

### D. THE PROFESSIONAL SERVICES TO BE RENDERED

All anticipated services normally performed by counsel for a Chapter 7 Trustee, including the bringing of adversary proceedings and taking the Rule 2004 examination.

48309625.1

E.  **THE PROPOSED ARRANGEMENTS FOR COMPENSATION:**

There is no separate written retainer agreement between the Trustee and prospective counsel.  Counsel's compensation shall be determined pursuant to the provisions of 11 U.S.C. §330.

F.  **THE PROFESSIONAL'S CONNECTIONS WITH THE TRUSTEE, DEBTOR, CREDITORS AND OTHER PARTIES IN INTEREST:**

The attorney has stated that he has run a conflict check through a computerized data base maintained by his law firm and has made every effort to input the names of any known potentially adverse party, including the debtor, as well as known insiders of the debtor, whom he believes could potentially be adverse to the Trustee. The data base includes names of current and previous clients of the firm, current and previous adverse parties of such clients, and names of related parties within such matters. Where any potential names come up which indicate a possible conflict, he has reviewed the specifics of the matter to verify that any such involvement of his law firm or himself does not present any facts that would render himself or his firm to not be disinterested or create a conflict of interest.  In appropriate situations he has also communicated with other attorneys at his law firm that may be more familiar with such client or matter in order to confirm that representation by himself and his law firm complies with §327.

The law firm of Greenspoon Marder LLP has several offices throughout the State of Florida and the United States with more than 200 lawyers practicing in various legal fields. Among the firm's clients includes several banking institutions, some of which could be creditors in this estate.  However, neither the attorney nor his law firm would be representing any such banking institution within this estate, and if it becomes necessary for the Trustee to be adverse to any such entity, neither the attorney nor his law firm would handle such matter, but instead the Trustee would obtain special counsel for pur poses of handling such contested matter.

The attorney does not hold or represent any interest adverse to the estate, and the Trustee believes that the employment of this attorney would be in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests an Order authorizing the employment of Michael R. Bakst, Esq., and  the law firm of Greenspoon Marder LLP, to represent the Trustee on a general retainer, pursuant to 11 U.S.C. §327 and 330.

48309625.1

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by via the attached service list, on this the 1 day of October, 2021.

**MICHAEL R. BAKST, TRUSTEE**

**/s/ MICHAEL R. BAKST**
_____

Michael R. Bakst, Trustee
P.O. Box 407
West Palm Beach, FL 33402
Telephone:  (561) 838-4539

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael R Bakst    efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com
- Julianne R. Frank    julianne@jrfesq.com, G59511@notify.cincompass.com
- Mark A Levy    mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service

(No manual recipients)

29511-0595 emb

48309625.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                              CASE NO.:   21-18481-MAM
                                                    Chapter 7
NITV LLC

        Debtor
_____/

## SWORN DECLARATION

STATE OF FLORIDA
COUNTY OF PALM BEACH

      Pursuant to 28 U.S.C. §1746, I, Michael R. Bakst, Esq., hereby declare under penalty of perjury:

      1.    I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida, and am qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

      2.    I am employed by the law firm of Greenspoon Marder LLP, with offices located at 525 Okeechobee Blvd, Suite 900, West Palm Beach, Florida 33401.

      3.    I have run a conflict check through a computerized database maintained by this law firm where I have made every effort to input the names of any known potentially adverse party, including the debtor, as well as known insiders of the debtor whom I believe could potentially be adverse to the Trustee. The database includes names of current and previous clients of the firm, current and previous adverse parties of such clients, and names of related parties within such matters. Where any potential names come up which indicate a possible conflict, I have reviewed the specifics of the matter to verify that any such involvement of this law firm or myself does not present any facts that would render myself or the firm to not be disinterested or create a conflict of interest. In appropriate situations, I have also communicated with other attorneys at this law firm that may be more familiar with such client or matter in order to confirm that representation by myself and this law firm complies with §327.

48310126:1

4. The law firm of Greenspoon Marder LLP has several offices throughout the State of Florida with more than 200 lawyers practicing in various legal fields. Among the firm's clients includes several banking institutions, some of which could be creditors in this estate. However, neither I nor this firm would be representing any such banking institution within this estate, and if it becomes necessary for the Trustee to be adverse to any such entity, neither I nor this firm would handle such matter, but instead the Trustee would obtain special counsel for purposes of handling such contested matter.

5. There is no separate written retainer agreement between the Trustee and prospective counsel. Counsel's compensation shall be determine pursuant to the provisions of 11 U.S.C. §330.

6. The law firm of Greenspoon Marder, LLP, nor any of its attorneys hold or represent any interest adverse to the estate, and we are disinterested persons as required by 11 U.S.C. §327(a).

This concludes my Declaration.

**28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct; executed on October 1, 2021.

GREENSPOON MARDER LLP

_____
Michael R. Bakst Esq.

295111-0595 emb

48310126:1