UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                              CASE NO.: 21-18481-MAM
                                                                Chapter 7

**NITV LLC**

         **Debtor**

_____/

## TRUSTEE'S MOTION TO APPROVE EMPLOYMENT OF
## SCOTT ZAPPOLO, ESQ., AS HIS SPECIAL LITIGATION COUNSEL

Michael R. Bakst, Trustee in Bankruptcy for NITV LLC, by and through undersigned counsel, hereby files this his, Motion to Approve Employment of Scott Zappolo, Esq., as his Special Litigation Counsel and states:

1. This bankruptcy was filed as a voluntary Chapter 7 proceeding on August 31, 2021. Michael R. Bakst has been appointed as the Chapter 7 Trustee.

2. The law firm of Zappolo & Farwell, P.A. has a currently pending law suit against NITV, LLC and Third Party Defendants, NITV Federal Services, LLC, Charles Humble and Lourdes Irimia in the Circuit Court of the 15th Judicial Circuit, In and For Palm Beach County, Florida, Case Number 502005CA001771XXXXMBAE. ("State Court Action").

3. The Trustee would like to employ Scott Zappolo, Esq, of the law firm of Rice Zappolo & Farwell, P.A. as special litigation counsel to represent the estate for the State Court Action whether in the Circuit Court or the Bankruptcy Court. A copy of the Contingent Fee Contract is attached as Exhibit "1".

4. The terms of employment of proposed special counsel will be on a 33-1/3%

48424445.1

contingency fee, plus recovery of costs. Such contingency fee on gross recovery of:

a. Before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:
1. 33 1/3% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.
**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, THIS PROVISION (a.) SHALL NOT APPLY.**

b. After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:
1. 35% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.
**NOTE THE DOWNWARD DEPARTURE FROM RULE 4-1.5 AT 1. ABOVE.  SINCE AN ANSWER HAS BEEN FILED, IT IS ANTICIPATED THAT THIS FEE STRUCTURE (Para b.) WILL APPLY.**

c. If all defendants admit liability at the time of filing their answers and request a trial only on damages:
1. 33 1/3% of any recovery up to $1 million; plus
2. 20% of any portion of the recovery between $1 million and $2 million; plus
3. 15% of any portion of the recovery exceeding $2 million.
**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, AND DENIED LIABILITY, THIS PROVISION (c.) SHALL NOT APPLY.**

d. An additional 5% of any recovery after institution of any appellate proceeding or postjudgment relief or action is required for recovery on the judgment.

     5.     Attached hereto as Exhibit "2" is an Declaration of Scott W. Zappolo's disinterestedness demonstrating that they are disinterested parties as required by 11 U.S.C. §327(a), which also discloses their representation of a creditor within this estate. 11 U.S.C. §327(c) provides in pertinent part that "…a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States trustee, in which case the court shall disapprove such

48424445.1

employment if there is an actual conflict of interest." The Trustee is unaware of any actual conflict of interest that exists that would warrant disapproving such retention. Prospective special litigation counsel would only be representing the estate as it relates to the pending State Court Action which is now property of the bankruptcy estate whether in the Circuit Court or the Bankruptcy Court. They represent the largest creditor in this estate and they are already familiar with the factual and legal issues associated with efforts to recover the pending State Court Action.

6. The Trustee believes that it is in the best interest of creditors and the estate to employ Scott Zappolo, Esq, of the law firm of Zappolo & Farwell, P.A. as special litigation counsel on a contingency basis pursuant to 11 U.S.C. §328. Counsel has been advised that all compensation is subject to review by the Court and must be approved by the Court. Counsel has also been advised that any settlement must be noticed to all creditors, must be approved by the Court and the Trustee, whereby any funds obtained from the suit must be distributed by the Trustee.

**WHEREFORE**, Michael R. Bakst, Trustee in Bankruptcy for NITV LLC, by and through undersigned counsel, seeks an order from the Court approving the employment of Scott Zappolo, Esq, of the law firm of Zappolo & Farwell, P.A. as Special litigation Counsel pursuant to 11 U.S.C. §328, plus that the Court grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice

48424445.1

in this Court set forth in Local Rule 2090-1(A).

**GREENSPOON MARDER LLP**

/s/ MICHAEL R. BAKST
_____
MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
Attorney for Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 838-4523  F:  (561) 514-3423
Email: michael.bakst@gmlaw.com

I **HEREBY CERTIFY** that on October 21, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Michael R Bakst    efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com

- Michael R. Bakst    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com

- Julianne R. Frank    julianne@jrfesq.com, G59511@notify.cincompass.com

- Mark A Levy    mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com

48424445.1

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Scott Zappolo, Esq.
Zappolo & Farwell, P.A.
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418

**All parties on the Court matrix attached herein**

29511-0595 emb

48424445.1

## CONTINGENT FEE CONTRACT

THIS CONTRACT is in conformity with the Rules of Professional Conduct (4-1.5) adopted by the Supreme Court of Florida, July 23, 1992 and made effective January 1, 1993, and including amendments through the effective date of March 5, 2019 – notwithstanding that the language of the standard contingency fee contract has been modified.

ACTION: The undersigned retains ZAPPOLO & FARWELL, P.A., Palm Beach Gardens, Florida, for representation against any and all other persons, firms, organizations, or corporations, in connection with the currently pending "state court collection efforts" against NITV, LLC, and Third Party Defendants, NITV, Federal Services, LLC, Charles Humble and Lourdes Irimia in case number 502005CA001771XXXXMBAE, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

FEE: The parties to this Contract understand that while this lawsuit does involve claims of statutory entitlement to attorneys' fees, we will, with your approval, attempt to utilize various "fee shifting statutes" to maximize the likelihood of fee recovery from the other side. The parties therefore agree that ZAPPOLO & FARWELL, P.A. shall endeavor to collect contractual, or statutory fees from the defendant(s). Any attorneys' fees awarded by the Court shall be the property of the law firm. The firm will receive the greater of: (a) the Court awarded attorneys' fees, including any contingency multiplier; or (b) the amounts calculated under this contract. Should the Court award fees in an amount less than would have been due under this Contract, the Client will be responsible for the difference. The client will pay, from the total proceeds of any recovery, a contingent fee on gross recovery of:

a. Before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:
1. 33 1/3% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.
**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, THIS PROVISION (a.) SHALL NOT APPLY.**

b. After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:
1. 35% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.
**NOTE THE DOWNWARD DEPARTURE FROM RULE 4-1.5 AT 1. ABOVE. SINCE AN ANSWER HAS BEEN FILED, IT IS ANTICIPATED THAT THIS FEE STRUCTURE (Para b.) WILL APPLY.**

c. If all defendants admit liability at the time of filing their answers and request a trial only on damages:
1. 33 1/3% of any recovery up to $1 million; plus
2. 20% of any portion of the recovery between $1 million and $2 million; plus
3. 15% of any portion of the recovery exceeding $2 million.
**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, AND DENIED LIABILITY, THIS PROVISION (c.) SHALL NOT APPLY.**

d. An additional 5% of any recovery after institution of any appellate proceeding or postjudgment relief or action is required for recovery on the judgment.

In settlements based upon deferred payments, the attorneys' fee shall be computed upon the present cash value of the structured verdict or settlement. NEITHER THE LAW FIRM OF ZAPPOLO

_____ (Client Initials)   _AJ._ (Attorney Initials)

**EXHIBIT 1**

CONTINGENT FEE CONTRACT
October 19, 2021
Page 2 of 6

AND FARWELL, P.A., NOR ANY OF ITS ATTORNEYS, EMPLOYEES OR AGENTS HAVE SUGGESTED AN ULTIMATE VALUE OF THIS CASE. Further, the "Million dollar figures" utilized within the standard bar contract are in no way indicators of the value, or potential value of your claims.

CLIENT'S RIGHTS: The undersigned client has, before signing this Contract, received and read the *Statement of Client's Rights* (attached to this Contract) and understands each of the rights set forth therein. The undersigned client has signed the Statement and received a signed copy to refer to while being represented by the undersigned attorneys.

This Contract may be canceled by written notification to the attorneys at any time within three (3) business days of the date the Contract was signed, as shown below, and if canceled the client shall not be obligated to pay any fees to the attorneys for the work performed during that time. If the attorney (ZAPPOLO & FARWELL, P.A.) has advanced funds to others in representation of the client, the attorney (ZAPPOLO & FARWELL, P.A.) is entitled to be reimbursed for such amounts as the attorneys have reasonably advanced on behalf of the client.

COSTS: "Costs" shall include, but not be limited to, expenditures for filing fees, subpoenas, depositions, witness fees, investigation, expert witnesses, medical records and reports, photographs, photocopying, long distance calls, postage, travel, parking, and all costs necessary for proper performance of legal services. The client is solely responsible for all costs incurred regardless of the disposition of the case to be paid from the bankruptcy estate if funds are available in order to pay same. Note: as per the Fee Engagement Letter attached to this Contract, Administrative costs will be billed upon a percentage of time "tracked" basis.

RECOVERY: ~~The client expressly grants power to the attorney to endorse and deposit into ZAPPOLO & FARWELL, P.A.'s Trust Account any checks in the client's name, and authorizes the attorney to deduct fees, costs and expenses, and to pay all hospital and medical bills from the client's share of the recovery. Any unpaid bills for medical care shall remain the client's obligations.~~

DISCHARGE: If after three (3) business days from the date of execution of this Contract, the client elects to terminate this Contract, the client shall immediately reimburse ZAPPOLO & FARWELL, P.A. for all costs and expenses incurred by ZAPPOLO & FARWELL, P.A. and in addition, shall pay ZAPPOLO & FARWELL, P.A. the reasonable value of services performed to date, or the appropriate percentage of the last settlement offer, whichever is greater. If the client elects to terminate this Contract before three (3) business days executing the Contract, the client agrees to immediately pay the actual costs incurred during that period of time. Should a client wish to terminate the services of the attorneys, it must be in writing and immediately delivered to the attorneys.

OTHER SERVICES: This Contract is only for services rendered on behalf of the client in this claim. ZAPPOLO & FARWELL, P.A. may charge a reasonable fee for collection of policy benefits, defense of counterclaims, filing of estates or guardianships, or for any other legal matters. This Contract may be supplemented.

INVESTIGATION AND PREPARATION: The undersigned client authorizes ZAPPOLO & FARWELL, P.A. to fully investigate her claim; and, should it be necessary to file suit, to fully prepare for and prosecute same. The undersigned further understands that if after reasonable investigation ZAPPOLO & FARWELL, P.A. determines that it is not feasible to prosecute the claim, then upon

_____ (Client Initials)         _____ (Attorney Initials)

Case 21-18481-MAM    Doc 12    Filed 10/21/21    Page 8 of 15

CONTINGENT FEE CONTRACT
October 19, 2021
Page 3 of 6

reasonable written notice, the undersigned, ZAPPOLO & FARWELL, P.A., may withdraw from representation under this Contract.

**FACSIMILE, E-MAILED, OR ELECTRONIC COPIES OF THIS DOCUMENT SHALL BE BINDING AS ORIGINALS.**

**ZAPPOLO & FARWELL, P.A.**

By: _[signature]_    Date: 10/19/21
Scott W. Zappolo, Esquire, its President

CLIENT(s)
**Michael Bakst, Trustee in Bankruptcy for NITV, LLC**

_____  Date: _____
Michael Bakst, as Trustee in Bankruptcy for
NITV, LLC


**"STATEMENT OF CLIENT'S RIGHTS" FOLLOWS**

**STATEMENT OF CLIENT'S RIGHTS FOR CONTINGENCY FEES**

Before you, the prospective client, arrange a contingent fee agreement with a lawyer, you should understand this statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but, as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with 1 lawyer you may talk with other lawyers.

2. Any contingent fee contract must be in writing and you have 3 business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within 3 business days of signing the contract. If you withdraw from the contract within the first 3 business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without

_____ (Client Initials)    _[initials]_ (Attorney Initials)

CONTINGENT FEE CONTRACT
October 19, 2021
Page 4 of 6

giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after the 3-day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingent fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement will be made with the other lawyers. If lawyers from different law firms will represent you, at least 1 lawyer from each law firm must sign the contingent fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money

_____ (Client Initials)          \_\_\_\_\_/ (Attorney Initials)

CONTINGENT FEE CONTRACT
October 19, 2021
Page 5 of 6

that you might have to pay to your lawyer for costs and liability you might have for attorney's fees, costs, and expenses to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement your lawyer cannot pay any money to anyone, including you, without an appropriate order of the court. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 850/561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

FL ST BAR Rule 4-1.5 (Eff. March 5, 2019)

**Signature Page follows**

_____ (Client Initials)     _/s/_ (Attorney Initials)

CONTINGENT FEE CONTRACT
October 19, 2021
Page 6 of 6

**FACSIMILE, E-MAILED, OR ELECTRONIC COPIES OF THIS DOCUMENT SHALL BE BINDING AS ORIGINALS.**

Client Signature  _____
                  Michael Bakst, as Trustee in
                  Bankruptcy for NITV, LLC

Date              _____

Attorney Signature  _____
                    Scott W. Zappolo, Esq.

Date              10/19/21

_____ (Client Initials)     _____ (Attorney Initials)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                    CASE NO.: 21-18481-MAM
                                          Chapter 7

**NITV LLC**

       **Debtor**
_____/

## DECLARATION OF SCOTT W. ZAPPOLO

I, Scott W. Zappolo, declare

1. I am an attorney duly admitted to practice law before this Court.

2. I am an associate/shareholder in the law firm of Zappolo & Farwell, P.A. ("the firm")

3. Michael R. Bakst is the Chapter 7 Trustee in Bankruptcy (the "Trustee") for the above-referenced bankruptcy case (the "Bankruptcy Case"). The Trustee seeks to employ the firm as his special litigation counsel by the Motion to which this declaration is attached (the "Motion"). The firm, its partners, associates and paralegals are experienced in the type of litigation as described in the Motion.

4. The firm will be providing representation on a contingent fee basis as set forth in the Motion.

5. To the best of my knowledge, neither I, the firm, nor any of its partners, associates or employee hold any interest adverse to the interests of the estate (the "Estate") in connection with the Bankruptcy Case except as described herein. To the best of my knowledge, this Firm is a "disinterested person" as that term is defined by the Bankruptcy Code except as described herein. I have read the foregoing application and to the best of my knowledge all the facts stated herein are true and correct.

48428723.1

**EXHIBIT 2**

6.  Neither I, the firm, nor its members or associates have any pre-petition claim against the Debtor or the Estate. The firm has represented, and continues to represent, creditor Elwood Gary Baker, ("Baker") in the pending state court collection efforts. The firm is a party to a contingent fee arrangement with Elwood Gary Baker.

7.  Baker is by far the largest creditor of the Estate. Therefore, the interests of the Estate and Baker are aligned.

8.  The firm has not in the past represented nor does the firm in the future plan to represent the Debtor.

9.  The firm does not have any connection with the Debtor or its attorneys. For clarity, the firm practices in the same geographical area as Debtor's attorneys and so it encounters them in professional settings. Also, the firm has litigated against Debtor's attorneys and has (more than two years ago) referred potential client(s) to Debtor's bankruptcy counsel (no fees or compensation were exchanged between counsel/firms related thereto).

10. The firm has received no retainer or payment in connection with this representation of the Trustee.

11. To the best of my knowledge, the firm does not represent any other entity having an adverse interest in connection with the Bankruptcy Case.

12. The firm desires to be employed to assist and to represent the Trustee herein on a contingent basis. The firm will continue to search its connection with the Debtor, the Estate, their creditors, or other parties in interest in the Bankruptcy Cases, and pursuant to Bankruptcy Rule 2014, the firm will provide the Court with any supplemental information regarding the firm's connection with the Debtor, the Estate, or any other party-in-interest in the Bankruptcy Case as that information becomes available.

13  I am familiar with the Bankruptcy Code and the Federal Rules of Bankruptcy

48428723.1

Procedure, the Local Bankruptcy Rules, and the requirement of the United States Trustee, and shall comply with them.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 10/20/2021

_____
Scott W. Zappolo

48428723.1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 21-18481-MAM<br>Southern District of Florida<br>West Palm Beach<br>Wed Oct 20 13:44:00 EDT 2021 | Brinkley Morgan<br>100 SE Third Avenue<br>23r Floor<br>Fort Lauderdale, FL 33394-0046 | NITV LLC<br>1210 Breakers West Blvd<br>West Palm Beach, FL 33411-1880 |
| Brinkley, Morgan et al attorneys<br>PO BOX 552<br>Fort Lauderdale, FL 33302-0552 | Charles Humble<br>1210 Breakers West Blvd<br>West Palm Beach, FL  33411-1880 | Dr. Charles Humble<br>1210 Breakers West Blvd<br>West Palm Beach, FL  33411-1880 |
| Elwood Gary Baker<br>661 Paddock Club Dr<br>Panama City Beach, FL  32407-2466 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Seiden, Alder, et al  Attorneys<br>7795 NW Beacon Square Blvd Ste 201<br>Boca Raton, FL  33487-1394 |
| Julianne R. Frank<br>4495 Military Trail<br>Suite 107<br>Jupiter, FL 33458-4818 | Michael R Bakst<br>P. O. Box 407<br>West Palm Beach, FL 33402-0407 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | End of Label Matrix<br>Mailable recipients    10<br>Bypassed recipients     1<br>Total                  11 | |