

ORDERED in the Southern District of Florida on November 4, 2021.

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
**West Palm Beach Division**
**www.flsb.uscourts.gov**

In Re:                                                                    CASE NO.:    21-18481-MAM
                                                                                    Chapter 7
NITV LLC,

        Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE EMPLOYMENT
### OF SCOTT ZAPPOLO, ESQ., AS HIS SPECIAL LITIGATION COUNSEL

**THIS MATTER** having come before the Court, on the 2nd day of November, 2021

pursuant to the Trustee's Motion to Approve Employment of Scott Zappolo, Esq., as his Special

Litigation Counsel (DE#12) ("Motion"), the Court having heard argument of counsel, and based

solely upon Trustee's counsel's representation, the Court finds that Scott Zappolo is disinterested

as required by 11 U.S.C. §327(a), that no creditor nor the United States Trustee has objected to

his employment, that the requirements of 11 U.S.C. §327(c) have otherwise been met and the

Court being otherwise fully advised in the premises it is,

        **ORDERED AND ADJUDGED** as follows:

1.      Trustee's Motion is **GRANTED.**

2.      The Trustee is authorized to employ Scott Zappolo, Esq., of the law firm of Zappolo & Farwell, P.A. as his special litigation counsel, upon the  terms  and conditions set forth in the Motion

3.      The Court approves the employment of Scott Zappolo, Esq., of the law firm of Zappolo & Farwell, P.A., as special litigation counsel.

4.      The employment of Scott Zappolo, Esq., of the law firm of Zappolo & Farwell, P.A. is subject to the provisions of 11 U.S.C. §328 and review by this Court. All compensation is subject to review by the Court and must be approved by the Court. Special litigation counsel is further notified pursuant to this order that any settlement must be noticed to all creditors and must be approved by the Court and Trustee before it shall become effective. Further, any funds obtained from any suit or settlement must be distributed by the Trustee.

5.      The total terms of employment are consistent with Florida Bar guidelines which is 35% of any recovery up to $1 million since an answer has been filed.

a. Before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:
1. 33 1/3% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.
**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, THIS PROVISION (a.) SHALL NOT APPLY.**

b. After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:
1. 35% of any recovery up to $1 million; plus
2. 30% of any portion of the recovery between $1 million and $2 million; plus
3. 20% of any portion of the recovery exceeding $2 million.

**NOTE THE DOWNWARD DEPARTURE FROM RULE 4-1.5 AT 1. ABOVE.  SINCE AN ANSWER HAS BEEN FILED, IT IS ANTICIPATED THAT THIS FEE STRUCTURE (Para b.) WILL APPLY.**

c. If all defendants admit liability at the time of filing their answers and request a trial only on damages:

1. 33 1/3% of any recovery up to $1 million; plus
2. 20% of any portion of the recovery between $1 million and $2 million; plus
3. 15% of any portion of the recovery exceeding $2 million.

**SINCE THE DEFENDANTS HAVE ALREADY FILED AN ANSWER, AND DENIED LIABILITY, THIS PROVISION (c.) SHALL NOT APPLY.**

d. An additional 5% of any recovery after institution of any appellate proceeding or post judgment relief or action is required for recovery on the judgment.

6.      The Court reserves jurisdiction to enforce the terms of this order.

###

Submitted by:
Michael R. Bakst, Esq.
Greenspoon Marder LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL  33401
Telephone: (561) 838-4523


 **[Michael R. Bakst, Esq., is directed to serve copies of this Order on all interested parties and file a certificate of service with the Court]**