UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the Matter of:            Case No. 21-18481-MAM

**NITV, LLC,**            Chapter 7

Debtor.

_____/

TRUSTEE IN BANKRUPTCY'S MOTION
FOR CLARIFICATION THAT THE AUTOMATIC STAY IS NOT APPLICABLE
OR ALTERNATIVELY
FOR RELIEF FROM STAY
TO PURSUE PENDING STATE COURT ACTION
ON BEHALF OF CREDITORS

Michael R. Bakst, Trustee in Bankruptcy for Debtor, NITV, LLC, (Hereinafter, "Trustee") by and through his undersigned attorneys, files this Motion for Clarification that the Automatic Stay is Not Applicable, or Alternatively, for Relief from Stay, to Pursue Pending State Court Action on Behalf of Creditors and in support hereof states:

1. On August 31, 2021, Debtor filed its Chapter 7 Bankruptcy Petition [ECF #1] naming four creditors to whom it was indebted over $761,000.00.

**Prior State Court Collection Proceedings**

2. At the time of its Chapter 7 filing, Debtor NITV LLC was already a defendant in "proceedings supplementary" to a State Court action entitled "ELWOOD GARY BAKER vs. NITV, LLC and NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, JAMES KANE and CHARLES HUMBLE" and assigned Palm Beach County, Circuit Court Case Number: 50 2005 CA 001771 XXXX MB AE (Hereinafter, the "State Court

1

Collection/Supplementary Proceeding/Action").

3. Within said State Court Collection/Supplementary Proceeding, state court Judgement holder and Creditor, Elwood Gary Baker, had been trying to collect his judgment from not only the Debtor here, but also others (pursuant to §56.29 "Proceedings Supplementary" and Chapt. 726, Florida Statutes – which is specifically referenced within §56.29 and the supplementary state court pleading at issue). The Allegations in the State Court Collection/Supplementary Proceeding/Action involved *inter-alia*, that the Debtor was/is a Successor / Alter Ego / business Continuation of Debtor, sought to "Pierce the Corporate Veil" and that the original judgment debtor and others had effectuated, and continue to effectuate "fraudulent transfers" (as defined by Chapter 726, Florida Statutes) among themselves. The State Court Collection/supplementary Proceeding/Action was "mid trial docket" on the date of Debtor's bankruptcy filing.

**This Court's Prior, Related Order**

4. On October 21, 2021, after investigating the State Court Collection/Supplementary Proceedings, Trustee filed a "Motion to Approve Employment of Scott Zappolo, Esq. (the undersigned) as his "Special Litigation Counsel" [ECF # 12].

5. Said Motion specifically stated (at para. 3 therein) that Trustee wanted to employ the undersigned "to represent the estate for the State Court Action whether in Circuit Court of the Bankruptcy Court" and (at para. 5) took the position that pending State Court Action was "now property of the bankruptcy estate."

6. On November 4, 202, this Court Granted Trustee's Motion. [ECF # 15].

**Trustee's Pursuit of Debtor's Assets**

7. Given:

    A. The basis of the Motion to Employ Special Litigation Counsel (*inter-alia*, to represent the Bankruptcy Estate <u>in the pending state court action</u>) and the related November 4th Order granting same; and

    B. The fact that the pursuit of the Debtor's assets via the "State Court

Collection/Supplementary Proceedings" are an independent action (especially given the fact that it involves non-bankruptcy participants) on December 31, 2022, the undersigned filed "Michael R. Bakst, Trustee in Bankruptcy's Motion to Intervene on Behalf of Bankruptcy Creditors of NITV, LLC" in the State Court Collection/Supplementary Proceedings (Hereinafter, "State Court Intervention Motion"). A copy of said motion is attached hereto as **"EXHIBIT 1."**

### Debtor's Response / Basis for Instant Motion

8. Upon Receipt of the State Court Intervention Motion, Debtor's counsel opined that the State Court Collection/Supplementary Proceedings are a "proceedings supplementary emanating from a stayed action against the debtor . . ." but further opined that "the objection here may be more properly the province of the third parties . . ."

9. In an abundance of caution, the undersigned brings this Motion.

### Argument / Legal Authority

10. Trustee believes that a State Court supplementary proceeding against a Judgement Debtor's tranferees (as is pending within the State Court), is an independent action, that is no different than if the Trustee had chosen to pursue its own fraudulent transfer action pursuant to state law (and would not require relief from stay) - particularly when third parties are named defendants. *Jackson-Platts, v. General Electric Capital Corporation*, 727 F.3d 1127 (11th Cir., 2013). Within Jackson-Platts, when considering whether or not a case could be removed from State to Federal court, the 11th Circuit opined that a supplementary proceeding brought (as here) pursuant to §56.29 was an "independent civil action." In reaching this decision, the 11th Circuit noted "§56.29 supplementary proceedings afford judgment creditors independent substantive claims. The statute also affords parties stout procedural guarantees not generally found in ancillary proceedings." *Id.* at 1135. The 11th Circuit also noted that had the estate (there) sued (alleged transferees) "in state court under the Uniform Fraudulent Transfer Act, the lawsuit plainly would have been a 'civil action'" (and removeable as being an "independent action"). *Jackson-Platts* at 1137. The Court also

noted various similar proceedings which are treated as "independent suits" such as garnishment. *Id.* at 1139.

11. Here, the state court action was brought pursuant to both §56.29 and Chapter 726 – thereby intensifying the 11th Circuit's holding in *Jackson-Platts*. The undersigned posits such proceedings are particularly appropriate where as here, the Trustee seeks to marshall assets for the protection of creditors.

12. When sitting in its appellate capacity on a bankruptcy ruling, the US District Court, for the Northern District of Alabama (Southern Division) noted a summary of the United States Bankruptcy Appellate Panel of the Ninth Circuit which provided: "Under Code § 544(b), the filing of a bankruptcy petition does not strip **creditors of state-created rights** to avoid transfers, it merely **shifts that right to the creditors' representative** . . .Rather the creditor is stayed from prosecuting the claim and **unless the trustee opts to intervene** . . ." *In Re Leopard*, 2014 WL 2740320 (US District Court, N.D. Alabama (Southern Div), 2014)(emphasis added)(internal citations omitted). *See Also*, *In Re Zwirn*, 362 B.R. 536 (S.D. FLA., 2007)(Holding, state court fraudulent transfer claims to be property of the Bankruptcy Estate as of the petition date, and with rare exception may only be prosecuted by Trustee in Bankruptcy); *In Re CD Jones & Co., Inc.*, 482 B.R. 449 (N.D. FLA., 2012).

13. Here, the Trustee in Bankruptcy has, as is suggested in *In Re Leopard*, and *In Re Zwirn*, appropriately sought to intervene in the state court matter – on behalf of the creditors.

14. Of note: The only case the undersigned has been able to locate which appears to seek a direct ruling as to whether a Trustee in Bankruptcy has a direct right to intervene within a state court action (or must first seek relief from stay) was *In Re Vandevort*, 2009 WL 7809927 (US Bankr. App Panel, 9th Cir, 2009) wherein the 9th Circuit Bankruptcy Appellate Panel denied a cross-appeal as moot since the Trustee in Bankruptcy had obtained relief from stay, after filing a similar motion as the motion at bar (seeking either a ruling that the Bankruptcy Stay was not applicable, or alternatively, for relief from stay). Thus, while the Trustee in Bankruptcy believes (based upon the cases cited above) that the Bankruptcy Stay

4

is/was not a bar to his intervention in the State Court Collection/supplementary Proceeding/Action, it would seem the simplest remedy would be for this Court to enter an order for Relief from Stay.

**WHEREFORE,** Michael R. Bakst, Trustee in Bankruptcy for Debtor, NITV, LLC, respectfully requests this Court enter an order:

A. Clarifying/finding that the Automatic Stay does/did not effect the Trustee in Bankruptcy's intervention (that the Trustee in Bankruptcy may pursue the State Court Claims on behalf of Creditors without further order of Court); and/or alternatively

B. Grant the Trustee in Bankruptcy relief from stay in order to pursue the State Court claims on behalf of the Creditors; and

C. Grant any further relief as the court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was is being filed with the court's electronic filing system on this 21st day of February, 2022 and thus served on those parties listed below.

**Electronic Mail Notice List:**

**Michael R. Bakst:**   efilemrb@gmlaw.com; ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com

**Julianne R. Frank, attorney for Debtor:**   julianne@jrfesq.com; G59511@notify.cincompass.com

**Mark A. Levy:**   mark.levy@brinkleymorgan.com; Sandra.gonzalez@brinkleymorgan.com; brinkleymorgancf@gmail.com

**Office of US Trustee:**   USTPRegion21.MM.ECF@usdoj.gov

 

**ZAPPOLO & FARWELL, P.A.**
Attorneys for Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
filings@zappolofarwell.com
jfarwell@zappolofarwell.com

By: /S/ Scott W. Zappolo
    SCOTT W. ZAPPOLO
    Florida Bar Number: 132438

Filing # 141172459 E-Filed 12/31/2021 12:38:21 PM

IN THE CIRCUIT COURT OF THE 15th<br>
JUDICIAL CIRCUIT, IN AND FOR<br>
PALM BEACH COUNTY, FLORIDA<br><br>
CASE NO.: 502005CA001771XXXXMBAE

ELWOOD GARY BAKER,

    Plaintiff,

vs.

NITV, LLC,

    Defendant,

vs.

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE and
CHARLES HUMBLE,

    Third Party Defendants.

_____/

## MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY'S
## MOTION TO INTERVENE
## ON BEHALF OF BANKRUPTCY CREDITORS OF NITV, LLC

Putative Intervenor, MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY, by and through his undersigned attorneys, pursuant to Florida Rule of Civil Procedure, 1.230 hereby files this Motion to Intervene on Behalf of Bankruptcy Creditors of NITV, LLC and states:

1. This action currently consists of "Proceedings Supplementary," whereby Judgment Creditor, Elwood Gary Baker (Hereinafter, Baker") seeks to collect monies from Judgement Debtor, NITV, LLC.

2. Within his Amended Third Party Complaint in Execution," Judgment Creditor, Baker has alleged *inter-alia*, fraudulent transfers of Judgment Debtor's assets to Third Parties, Charles Humble (sole shareholder of Judgment Debtor), Lourdes Irimia

**EXHIBIT 1**

Baker v. NITV, LLC, etc.<br>
50 2005 CA 001771 XXXX MB AE<br>
Bakst, as Trustee in Bankruptcy's Motion to Intervene<br>
Page 2

(Humble's wife) and NITV Federal Services, LLC (alleging it to be a Successor / Alter Ego / Business Continuation).

3. On or about August 31, 2021, Judgment Debtor, NITV, LLC filed for Chapter 7 Bankruptcy protection. Within its "Schedule E/F" filing ("Creditors who have Unsecured Claims"), NITV, LLC listed Creditors: Baker; Charles Humble; Brinkley Morgan, et. al; and Seiden, Alder, et. al. A copy of NITV, LLC's filed "Schedule E/F" is attached hereto as **"EXHIBIT A"**.

4. Putative Intervenor, Michael R. Bakst, Trustee in Bankruptcy was appointed Bankruptcy Trustee for NITV, LLC's bankruptcy estate. As part of the Trustee's investigation of the assets and liabilities of the Debtor, the Trustee became aware of the instant lawsuit.

5. Florida Rule of Civil Procedure 1.230 provides:

> Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.

Fla. R. Civ. P. 1.230

6. Since a Bankruptcy Trustee represents the creditors of the Debtor, the Bankruptcy Trustee has an interest in recovering all possible assets of the Debtor (NITV, LLC). The action currently pending seeks to avoid and recover assets which the defendants conveyed and/or received in an effort to avoid the payment of (at least) one of its creditors. Thus, the original Plaintiff in these "proceedings supplementary" has the

Baker v. NITV, LLC, etc.
50 2005 CA 001771 XXXX MB AE
Bakst, as Trustee in Bankruptcy's Motion to Intervene
Page 3

same basic identity of interest (shared interests) – to wit: Collection of all possible assets of the Debtor for the benefit of the Debtor's bankruptcy estate and the benefit of all Bankruptcy Creditors, and the action(s) of the Bankruptcy Trustee necessarily involves the same causes of action (common questions of law and fact) as are currently plead:

7. The Trustee in Bankruptcy has obtained permission from the Bankruptcy Court to retain the undersigned attorney to represent the Trustee in Bankruptcy in this matter, and has exercised his option to file the instant motion. The Trustee in Bankruptcy's joinder in this proceeding will conserve judicial and financial resources for all involved.

8. Given the above, the intervention of MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR THE BENEFIT OF THE CREDITORS OF THE BANKRUPTCY ESTATE OF DEBTOR, NITV, LLC., and allowing him to join in these proceedings as a Co-Plaintiff is appropriate.

**WHEREFORE**, Putative Intervenor, MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR THE BENEFIT OF THE CREDITORS OF THE BANKRUPTCY ESTATE OF DEBTOR, NITV, LLC., respectfully requests the Court enter an order allowing him to join Elwood Gary Baker as Co-Plaintiff in these Proceedings Supplementary.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of December, 2021 pursuant to Fla. R. Jud. Admin. 2.516, a true copy of the foregoing document is being electronically filed and thereby e-served via Florida e-Portal on all counsel/parties affiliated with this case in the manner

Baker v. NITV, LLC, etc.
50 2005 CA 001771 XXXX MB AE
Bakst, as Trustee in Bankruptcy's Motion to Intervene
Page 4

specified within the e-portal changes effective June 20, 2014. (Note: Alternate e-mail addresses on the e-portal will be "checked" for service, and anyone affiliated with this case but not registered on the e-portal will be served in the manner specified by the aforementioned Rule.)

Persons served: William Fleck, Esq. and Davide Steinfeld, Esq.: wfleck@jla.legal; ptaylor@jla.legal; wfleck@jupiterlegaladvocates.com; dave@davidsteinfeld.com; ecf.state@davidsteinfeld.com

**ZAPPOLO & FARWELL, P.A.**
Attorneys for BAKER and BAKST, AS TRUSTEE IN BANKRUPTCY
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
jfarwell@zappolofarwell.com
filings@zappolofarwell.com

By: /S/ Scott W. Zappolo
SCOTT W. ZAPPOLO
Florida Bar Number 132438

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor name: __NITV LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION__

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Amount |
|---|---|---|---|
| 3.1 | Brinkley, Morgan et al attorneys<br>Fort Lauderdale, FL 33302<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Attorneys Fees__<br>Is the claim subject to offset? ■ No ☐ Yes | $329,076.19 |
| 3.2 | Charles Humble<br>West Palm Beach, FL 33411<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Personal funds loaned to pay atty fees__<br>Is the claim subject to offset? ■ No ☐ Yes | $43,100.00 |
| 3.3 | Elwood Gary Baker<br>Panama City Beach, FL 32407<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Judgment__<br>Is the claim subject to offset? ■ No ☐ Yes | $250,000.00 |
| 3.4 | Seiden, Alder, et al Attorneys<br>Boca Raton, FL 33487<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __Attorneys Fees__<br>Is the claim subject to offset? ■ No ☐ Yes | $139,266.90 |

### Part 3: List Others to Be Notified About Unsecured Claims

# EXHIBIT A

Debtor **NITV LLC**  
      <sub>Name</sub>

Case number (if known) _____

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

[redacted] [redacted] [redacted]

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 761,443.09 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 761,443.09 |