UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the Matter of:                                Case No. 21-18481-MAM

**NITV, LLC,**                                   Chapter 7

    Debtor.
_____/

TRUSTEE IN BANKRUPTCY'S MOTION
FOR CLARIFICATION THAT THE AUTOMATIC STAY IS NOT APPLICABLE
OR ALTERNATIVELY
FOR RELIEF FROM STAY
TO PURSUE PENDING STATE COURT ACTION
ON BEHALF OF CREDITORS

    Michael R. Bakst, Trustee in Bankruptcy for Debtor, NITV, LLC, (Hereinafter, "Trustee") by and through his undersigned attorneys, files this Motion for Clarification that the Automatic Stay is Not Applicable, or Alternatively, for Relief from Stay, to Pursue Pending State Court Action on Behalf of Creditors and in support hereof states:

1. On August 31, 2021, Debtor filed its Chapter 7 Bankruptcy Petition [ECF #1] naming four creditors to whom it was indebted over $761,000.00.

**Prior State Court Collection Proceedings**

2. At the time of its Chapter 7 filing, Debtor NITV LLC was already a defendant in "proceedings supplementary" to a State Court action entitled "ELWOOD GARY BAKER vs. NITV, LLC and NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, JAMES KANE and CHARLES HUMBLE" and assigned Palm Beach County, Circuit Court Case Number: 50 2005 CA 001771 XXXX MB AE (Hereinafter, the "State Court

1

Collection/Supplementary Proceeding/Action").

3. Within said State Court Collection/Supplementary Proceeding, state court Judgement holder and Creditor, Elwood Gary Baker, had been trying to collect his judgment from not only the Debtor here, but also others (pursuant to §56.29 "Proceedings Supplementary" and Chapt. 726, Florida Statutes – which is specifically referenced within §56.29 and the supplementary state court pleading at issue).  The Allegations in the State Court Collection/Supplementary Proceeding/Action involved *inter-alia*, that the Debtor was/is a Successor / Alter Ego / business Continuation of Debtor, sought to "Pierce the Corporate Veil" and that the original judgment debtor and others had effectuated, and continue to effectuate "fraudulent transfers" (as defined by Chapter 726, Florida Statutes) among themselves.  The State Court Collection/supplementary Proceeding/Action was "mid trial docket" on the date of Debtor's bankruptcy filing.

### This Court's Prior, Related Order

4. On October 21, 2021, after investigating the State Court Collection/Supplementary Proceedings, Trustee filed a "Motion to Approve Employment of Scott Zappolo, Esq. (the undersigned) as his "Special Litigation Counsel" [ECF # 12].

5. Said Motion specifically stated (at para. 3 therein) that Trustee wanted to employ the undersigned "to represent the estate for the State Court Action whether in Circuit Court of the Bankruptcy Court" and (at para. 5) took the position that pending State Court Action was "now property of the bankruptcy estate."

6. On November 4, 202, this Court Granted Trustee's Motion.  [ECF # 15].

### Trustee's Pursuit of Debtor's Assets

7. Given:

   A. The basis of the Motion to Employ Special Litigation Counsel (*inter-alia*, to represent the Bankruptcy Estate <u>in the pending state court action</u>) and the related   November 4th Order granting same; and

   B. The fact that the pursuit of the Debtor's assets via the "State Court

Collection/Supplementary Proceedings" are an independent action (especially given the fact that it involves non-bankruptcy participants) on December 31, 2022, the undersigned filed "Michael R. Bakst, Trustee in Bankruptcy's Motion to Intervene on Behalf of Bankruptcy Creditors of NITV, LLC" in the State Court Collection/Supplementary Proceedings (Hereinafter, "State Court Intervention Motion"). A copy of said motion is attached hereto as **"EXHIBIT 1."**

### Debtor's Response / Basis for Instant Motion

8. Upon Receipt of the State Court Intervention Motion, Debtor's counsel opined that the State Court Collection/Supplementary Proceedings are a "proceedings supplementary emanating from a stayed action against the debtor . . ." but further opined that "the objection here may be more properly the province of the third parties . . ."

9. In an abundance of caution, the undersigned brings this Motion.

### Argument / Legal Authority

10. Trustee believes that a State Court supplementary proceeding against a Judgement Debtor's tranferees (as is pending within the State Court), is an independent action, that is no different than if the Trustee had chosen to pursue its own fraudulent transfer action pursuant to state law (and would not require relief from stay) - particularly when third parties are named defendants. *Jackson-Platts, v. General Electric Capital Corporation*, 727 F.3d 1127 (11th Cir., 2013). Within Jackson-Platts, when considering whether or not a case could be removed from State to Federal court, the 11th Circuit opined that a supplementary proceeding brought (as here) pursuant to §56.29 was an "independent civil action." In reaching this decision, the 11th Circuit noted "§56.29 supplementary proceedings afford judgment creditors independent substantive claims. The statute also affords parties stout procedural guarantees not generally found in ancillary proceedings." *Id.* at 1135. The 11th Circuit also noted that had the estate (there) sued (alleged transferees) "in state court under the Uniform Fraudulent Transfer Act, the lawsuit plainly would have been a 'civil action'" (and removeable as being an "independent action"). *Jackson-Platts* at 1137. The Court also

3

noted various similar proceedings which are treated as "independent suits" such as garnishment. *Id.* at 1139.

11. Here, the state court action was brought pursuant to both §56.29 and Chapter 726 – thereby intensifying the 11th Circuit's holding in *Jackson-Platts*. The undersigned posits such proceedings are particularly appropriate where as here, the Trustee seeks to marshall assets for the protection of creditors.

12. When sitting in its appellate capacity on a bankruptcy ruling, the US District Court, for the Northern District of Alabama (Southern Division) noted a summary of the United States Bankruptcy Appellate Panel of the Ninth Circuit which provided: "Under Code § 544(b), the filing of a bankruptcy petition does not strip **creditors of state-created rights** to avoid transfers, it merely **shifts that right to the creditors' representative** . . .Rather the creditor is stayed from prosecuting the claim and **unless the trustee opts to intervene** . . ." *In Re Leopard*, 2014 WL 2740320 (US District Court, N.D. Alabama (Southern Div), 2014)(emphasis added)(internal citations omitted). *See Also*, *In Re Zwirn*, 362 B.R. 536 (S.D. FLA., 2007)(Holding, state court fraudulent transfer claims to be property of the Bankruptcy Estate as of the petition date, and with rare exception may only be prosecuted by Trustee in Bankruptcy); *In Re CD Jones & Co., Inc*., 482 B.R. 449 (N.D. FLA., 2012).

13. Here, the Trustee in Bankruptcy has, as is suggested in *In Re Leopard, and In Re Zwirn,* appropriately sought to intervene in the state court matter – on behalf of the creditors.

14. Of note: The only case the undersigned has been able to locate which appears to seek a direct ruling as to whether a Trustee in Bankruptcy has a direct right to intervene within a state court action (or must first seek relief from stay) was *In Re Vandevort*, 2009 WL 7809927 (US Bankr. App Panel, 9th Cir, 2009) wherein the 9th Circuit Bankruptcy Appellate Panel denied a cross-appeal as moot since the Trustee in Bankruptcy had obtained relief from stay, after filing a similar motion as the motion at bar (seeking either a ruling that the Bankruptcy Stay was not applicable, or alternatively, for relief from stay). Thus, while the Trustee in Bankruptcy believes (based upon the cases cited above) that the Bankruptcy Stay

is/was not a bar to his intervention in the State Court Collection/supplementary Proceeding/Action, it would seem the simplest remedy would be for this Court to enter an order for Relief from Stay.

**WHEREFORE,** Michael R. Bakst, Trustee in Bankruptcy for Debtor, NITV, LLC, respectfully requests this Court enter an order:

A. Clarifying/finding that the Automatic Stay does/did not effect the Trustee in Bankruptcy's intervention (that the Trustee in Bankruptcy may pursue the State Court Claims on behalf of Creditors without further order of Court); and/or alternatively

B. Grant the Trustee in Bankruptcy relief from stay in order to pursue the State Court claims on behalf of the Creditors; and

C. Grant any further relief as the court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was is being filed with the court's electronic filing system on this 23rd day of February, 2022 and thus served on those parties listed below.

**Electronic Mail Notice List:**

**Michael R. Bakst:**   efilemrb@gmlaw.com; ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com

**Julianne R. Frank, attorney for Debtor:**   julianne@jrfesq.com; G59511@notify.cincompass.com

**Mark A. Levy**:   mark.levy@brinkleymorgan.com; Sandra.gonzalez@brinkleymorgan.com; brinkleymorgancf@gmail.com

**Office of US Trustee:**   USTPRegion21.MM.ECF@usdoj.gov

        **ZAPPOLO & FARWELL, P.A.**
        Attorneys for Michael R. Bakst, Trustee in Bankruptcy
        7108 Fairway Drive, Suite 322
        Palm Beach Gardens, FL 33418
        (561) 627-5000 (telephone)
        (561) 627-5600 (facsimile)
        szappolo@zappolofarwell.com
        filings@zappolofarwell.com
        jfarwell@zappolofarwell.com

        By: /S/ Scott W. Zappolo
            SCOTT W. ZAPPOLO
            Florida Bar Number: 132438