**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**
**www.flsb.uscourts.gov**

In re:                                                          Chapter 7

NITV LLC,                                                  Case No. 21-18481-MAM

       Debtor.
_____/

ELWOOD GARY BAKER,

       Plaintiff/Petitioner                           Palm Beach Circuit Court
                                                               Case No. 50-2005-CA-001771-XXXX-MB
vs.
                                                               Adv. Case No. _____
NITV, LLC,

       Defendant/Respondent,
_____/
ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

       Third Party Defendants.
_____/

## NOTICE OF REMOVAL

     NITV Federal Services, LLC, Lourdes Irimia a/k/a Lourdes Humble, and Charles

Humble (collectively "Third Party Defendants") by and through their undersigned counsel,

pursuant to Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. §§ 1334 and 1452(a), and

the General Order of Reference of the United States District Court for the Southern District of

Florida (S.D. Fla. L.R. 87.2), hereby removes the claims and causes of action against Third Party

Defendants in the Plaintiff's Amended Third Party Complaint in Execution in the above-

referenced state court proceeding, *Elwood Gary Baker v. NITV, LLC*, Case No. 50-2005-CA-001771-XXXX-MB (the "Removed Claims"), from the Palm Beach County Circuit Court (the "State Court") to this Court, and as grounds for removal, Third Party Defendants state as follows:

## Introduction

1.      On August 31, 2021, NITV LLC ("Debtor") filed a voluntary chapter 7 petition in this Court.

2.      The filing of the petition by Debtor automatically stayed the action on the Removed Claims in the State Court.  Accordingly, on September 28, 2021, the State Court entered an *Order Staying Case for Bankruptcy and Directing Clerk to Change Case Status*, staying the case on the Removed Claims, and the stay has not been lifted.[1]  A copy of the State Court's Order is attached as **Exhibit A** hereto.  Therefore, this notice of removal is timely filed pursuant to Bankruptcy Rule 9027(a)(2)(B).  *See In re Manton*, 585 B.R. 630, 639 (Bankr. N.D. Ga. 2018).

3.      The Removed Claims are core to the bankruptcy case of Debtor as such claims assert causes of action for: (1) fraudulent transfers from Debtor to the Third Party Defendants, (2) piercing the corporate veil of Debtor to assert liability against Third Party Defendant Charles Humble, and (3) business continuation of Third Party Defendant NITV Federal Services, LLC – all of which claims the bankruptcy trustee has the exclusive authority to pursue for the benefit of all creditors.[2]

---

[1] Movants assert that stay relief is not necessary for removal of the State Court action.  *See e.g., In re Cashco, Inc.*, 599 B.R. 138, 144 (Bankr. D.N.M. 2019); *Worldview Entm't Holdings Inc. v. Woodrow*, 611 B.R. 10, 15 (S.D.N.Y. 2019); *Int'l Union of Operating Engineers Local 542 v. Mallinckrodt ARD, Inc.*, CV 21-114, 2021 WL 915722, at *4 (E.D. Pa. Mar. 10, 2021).  However, to the extent that the Court determines stay relief is necessary for this notice of removal, Third Party Defendants request such relief.

[2] The Trustee has recognized same by virtue of his Motion to Intervene in the State Court case, which Motion has not been set for hearing and was filed without relief from the stay.  The Motion to Intervene is defective though, as

4.     The Removed Claims constitute property of the estate to the extent they are cognizable, and the outcome of the Removed Claims will directly affect distributions that would be made in this bankruptcy proceeding, if any.

## The Court Has Jurisdiction Over the Removed Claims

5.     This Court has jurisdiction over the Removed Claims pursuant to 28 U.S.C. §§ 157, 1334, and 1452.

6.     Pursuant to 28 U.S.C. § 1452(a):

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

7.     The Removed Claims were not pending in a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

8.     The Removed Claims were properly removed under 28 U.S.C. § 1334(b) which grants district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," and 28 U.S.C. § 1334(e), which provides that district courts "in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction . . . of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

9.     Pursuant to the permissive reference under 28 U.S.C. § 157, and the General Order of Reference of the United States District Court for the Southern District of Florida (S.D. Fla. L.R. 87.2) that in fact refers all proceedings arising in or related to cases under Title 11,

---

the Trustee sought intervention as a Co-Plaintiff but the claims as plead still seek relief solely for the judgment creditor.

United States Code, to the Bankruptcy Judges, including specifically notices of removal "which shall be filed with the Clerk of the Bankruptcy Court for the Division of the District where such civil action is pending."

10.     S.D. Fla. L.R. 87.2 further provides that "[t]he removed claim or cause of action shall be assigned as an adversary proceeding in the Bankruptcy Court."

11.     Here, the Removed Claims are core proceedings under 28 U.S.C. § 157.  The Removed Claims, to the extent cognizable, would constitute property of the Debtor's estate, and can only be pursued by the Trustee.

**All Procedural Requirements for Removal Have Been Satisfied**

12.     Pursuant to Bankruptcy Rule 9027(a)(1), the Third Party Defendants consent to entry of final orders or judgment by the bankruptcy court.

13.     By this notice, Third Party Defendants admit none of the factual allegations and admit no liability on the Removed Claims.  Third Party Defendants expressly reserve all defenses, motions, and pleas.

14.     For the Court's convenience and pursuant to Bankruptcy Rule 9027(a)(1), attached as **Composite Exhibit B** is a true and correct copy of the following documents comprising the operative pleadings on the Removed Claims from the State Court docket:

(1) *Plaintiff's Motion to File an Amended Third Party Complaint in Execution* annexing the *Plaintiff's Amended Third Party Complaint in Execution* (the "Operative Complaint")

(2) *Agreed Order on Plaintiff's Motion to File an Amended Complaint*

(3) *Defendant's Answer to Plaintiff's Amended Third Party Complaint in Execution*

(4) *Notice of Dropping Defendant James Kane as a Party*

15.     Furthermore, pursuant to Bankruptcy Rule 9027(a)(1) attached as **Composite Exhibit C** are true and correct copies of all other pleadings, process, and motion papers obtained from the State Court's docket as to the Removed Claims as of the time of this Removal Notice. Finally, attached as **Exhibit D** is a copy of the docket report for the Removed Claims.[3]

16.     A copy of this Notice of Removal will be filed with the clerk of the State Court and served upon all interested parties.  Pursuant to Bankruptcy Rule 9027(b), the Third Party Defendants will give notice of this Removal Notice to the following parties via U.S. Mail and/or email:

> Counsel for Third Party Plaintiff in the Removed Claims
> > Zappalo & Farwell, P.A.
> > Scott W. Zappolo, Esq.
> > 7108 Fairway Drive, Suite 150
> > Palm Beach Gardens, FL 33418
> > szappolo@zappolofarwell.com
> > jfarwell@zappolofarwell.com
> > filings@zappolofarwell.com
>
> Counsel for Third Party Defendants as to the Removed Claims
> > Law Office of David Steinfeld
> > 3801 PGA Blvd., Suite 600
> > Palm Beach Gardens, FL 33410
> > dave@davidsteinfeld.com
> >
> > William Fleck, Esq.
> > 8895 North Military Trail, Suite E102
> > Palm Beach Gardens, FL 33410
> > wfleck@jla.legal
> > ptaylor@jla.legal
>
> Counsel for Debtor
> > Julianne Frank
> > 4495 Military Trail, Suite 107
> > Jupiter, FL 33458
> > julianne@jrfesq.com

---

[3] The docket for the Removed Claims begins at entry 225 of the docket, with the filing of the Plaintiff's Motion to Institute Proceedings Supplementary, attaching Plaintiff's Third Party Complaint in Execution.

17.    In accordance with Bankruptcy Rule 9027(c), the parties to the Removed Claims shall proceed no further in the state court where the action was pending unless and until the action is remanded by this Court.

**WHEREFORE**, Third Party Defendants respectfully request that the Removed Claims be removed to this Court, and for such other relief that is just and proper.

Dated:  February 23, 2022                    Respectfully submitted,

By:  */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar No: 011069
eyal.berger@akerman.com
Amanda Klopp, Esq.
Florida Bar No. 124156
amanda.klopp@akerman.com
**AKERMAN LLP**
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida  33301
Tel: (954) 463-2700
Fax: (954) 463-2224
*Attorneys for NITV Federal Services, LLC, Lourdes*
*Irimia a/k/a Lourdes Humble, and Charles Humble*