# Exhibit B

Filing # 45651895 E-Filed 08/2/16 05:09:56 PM

IN THE CIRCUIT COURT OF THE 15 TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ELWOOD GARY BAKER,                               CASE NO.: 502005CA001771XXXXMB AE

    Plaintiff,

vs.

NITV, LLC,

    Defendant.

ELWOOD GARY BAKER,

    Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE
and CHARLES HUMBLE,

    Third Party Defendants.

_____/

## PLAINTIFF MOTION TO FILE AN AMENDED THIRD PARTY COMPLAINT IN EXECUTION

1. The Third Party Complaint in Execution was filed in this matter on

2. Thereafter an Answer to the Complaint was filed on

3. Plaintiff propounded discovery on Defendants on

4. Defendants filed Objections to the Discovery

5. Based on Defendants' Objections, Plaintiff set the Objections for hearing on April 21, 2016 seeking an Order requiring Defendants to Answer Discovery.

6. On April 26, 2016 the Court denied Plaintiff's Motion and from the bench opinioned that because the Complaint in Execution was devoid of alleging that The Judgment Debtor and The Third Party Defendant, NITV Federal Services, LLC utilized common independent

contractors to provide the same services or similar services, Plaintiff was not entitled to discovery pertaining to those independent contractors.

7. Plaintiff's Proposed Amended Complaint is annexed hereto as **Exhibit "1"** and includes but, is not limited to, allegations that the Third Party Defendant, NITV Federal Services, LLC utilizes or utilized the same independent contractors.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via First Class US Mail on this __24th__ day of __August__, 2016, William A. Fleck Esq., Attorney for Defendants, NITV LLC, NITV FEDERAL SERVICES, LLC, Lourdes Irmia individually, Jmes Kane individually, and Charles Humble, individually, 6650 West Indiantown Rd. Suite 200, Jupiter, Florida, 33458 (wfleck@jupiterlegaladvocates.com)

s/STEPHEN B. GEBELOFF, ESQ.
STEPHEN B. GEBELOFF, P.A.
FL BAR NO.: 0695947
Attorney for Plaintiff,
5255 N Federal Highway, Third Floor
Boca Raton, FL 33487
561-953-4600
steve@gebelofflaw.com

EXHIBIT 1

IN THE CIRCUIT COURT OF THE 15 TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ELWOOD GARY BAKER,    CASE NO.: 502005CA001771XXXXMB AE

    Plaintiff,

vs.

NITV, LLC,

    Defendant,

ELWOOD GARY BAKER,

    Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE
and CHARLES HUMBLE,

    Third Party Defendants

_____/

## PLAINTIFF'S AMENDED THIRD PARTY COMPLAINT IN EXECUTION

COMES NOW Plaintiff, Elwood Gary Baker, (hereinafter "BAKER") in execution by way of Amended Third-Party Complaint against Third-Party Defendants, NITV FEDERAL SERVICES, LLC, ("NITV FED"), Lourdes Irimia ("IRIMIA"), James Kane ("KANE") and Charles Humble ("HUMBLE") by way of complaint alleges and states that:

1. This Court has subject matter jurisdiction because the amount in controversy is more than $15,000.00, exclusive of costs, interest and attorneys' fees, and because this proceeding is ancillary to the primary action in which the Judgment was entered.

2. These are proceedings supplementary pursuant to inter alia, F.S. 56.29 and F.S.726, the Florida Uniform Fraudulent Transfer Act ("the ACT").

3. This Court previously entered an Amended Final Judgment against Defendant, NITV, LLC ("JUDGMENT DEBTOR") on a debt (the "DEBT") which has been due Plaintiff under the ACT since on or before May 23, 2013 (the "DATE"). Plaintiff has been a present creditor under the ACT since the DATE.

4. Plaintiff, Baker resides in Brevard County, Florida and is otherwise sui juris.

5. Defendant, NITV FED, is Florida Limited Liability Company with a Principal Address in West Palm Beach, Palm Beach County Florida. ("SUCCESSOR/ **ALTER EGO**")

6. Defendant, LOURDES, is a Co-Conspirator and Managing Member of Defendant, NITV FED, with an Address in West Palm Beach, Palm Beach County Florida.

7. Defendant, HUMBLE, is a Co-Conspirator and Managing Member of Defendant, NITV FED, with an Address in West Palm Beach, Palm Beach County Florida.

8. Defendant, KANE, is a Co-Conspirator and Manager of Defendant, NITV FED, with an Address in West Palm Beach, Palm Beach County Florida.

9. The Plaintiff was required to pay the undersigned a reasonable attorneys' fee for the prosecution of this action.

10. Plaintiff would request taxation of attorney's fees against the JUDGMENT DEBTOR pursuant to F.S. 57.115 (2) and, to the extent the value of any fraudulently transferred assets to any THIRD PARTY(s) exceeds the debt, that a Cross-Over Judgment for attorney fees be entered against such THIRD PARTY(s) up to the difference between the value of the fraudulently transferred assets and the JUDGMENT.

11. Plaintiff has performed all conditions precedent to the maintenance of this action and/or same have been waived.

## COUNT I
## FRAUDULENT TRANSFERS UNDER THE ACT
## (NITV FED, IRIMIA, HUMBLE and KANE)

Plaintiff incorporates the General Allegations in paragraphs 1-11 as set forth above.

12. Third Party Defendants, NITV FED, IRIMIA, HUMBLE and KANE are liable under the ACT for the DEBT by virtue of any or all of the following:

    a. The fraudulent transfer of money, or other assets from the JUDGMENT DEBTOR to the INSIDERS and/or SUCCESSOR/ **ALTER EGO** after the DATE, at a time when the JUDGMENT DEBTOR was insolvent under the ACT, without the JUDGMMENT DEBTOR'S receipt of reasonably equivalent value for the transfer; or

    b. The fraudulent transfer of money, or other assets from the JUDGMENT DEBTOR to the INSIDERS and **SUCCESSOR/ ALTER EGO** after the DATE, without the JUDGMENT DEBTOR'S receipt of reasonably equivalent value for the transfer, which transfer caused the JUDGMENT DEBTOR to become insolvent under the ACT, and the INSIDERS knew the transfer would make the JUDGMENT DEBTOR insolvent; or

    c. Further, the insiders conspired amongst themselves to fraudulently transfer JUDGMENT DEBTOR assets either to themselves or to **SUCCESSOR/ ALTER EGO** to carry on the JUDGMENT DEBTOR's business.

13. The foregoing conduct violates either F.S. 726.105 and/or F.S. 726.106, subjecting the insiders to liability.

WHEREFORE Plaintiff, BAKER, request judgment plus interest, costs and such fees as are allowable against the Third Party Defendants, NITV FED, IRIMIA, HUMBLE and KANE, and such other relief as the Court deems equitable and just.

## COUNT II
## PIERCING THE CORPORATE VEIL
## (HUMBLE)

14. Plaintiff incorporates the General Allegations in paragraphs 1-11 as set forth above.

15. This is an action to pierce the JUDGMENT DEBTOR's corporate veil.

16. The INSIDER either set up or used the JUDGMENT DEBTOR for an improper purpose, to wit, to perpetrate a fraud on Plaintiff.

17. At all-time material, the JUDGMENT DEBTOR, operated as the alter ego of the INSIDER, HUMBLE. The INSIDER is liable by virtue of the following conduct which is grounds to pierce the corporate veil:

   a. Shortly after the DATE, the INSIDER, caused the JUDGMENT DEBTOR to cease operations or otherwise become a defunct corporation, and

   b. Both before and after the DATE, the INSIDER fraudulently transferred JUDGMENT DEBTOR's assets either to himself or to the SUCCESSOR/ALTER EGO, without the JUDGMENT DEBTOR's receipt of reasonably equivalent value.

   c. The INSIDER used the JUDGMENT DEBTOR to incur the DEBT at the time when the JUDGMENT DEBTOR was insolvent under the ACT and incapable of repaying the DEBT.

   d. The INSIDER, HUMBLE as Managing Member of an insolvent JUDGMENT DEBTOR, had a duty to Plaintiff, an existing creditor under the ACT, to preserve

the JUDGMENT DEBTOR'S assets which constitute a trust fund for its creditors and not allow same to be fraudulently transferred to or wasted by other INSIDERS. The INSIDER, HUMBLE, breached his duty to Plaintiff by allowing the misappropriation of the assets.

e. The INSIDER, HUMBLE, had an affirmative duty to acquire knowledge and experience to perform his director duties, and a continuing obligation to keep informed about the JUDGMENT DEBTOR'S business activities and not ignore the illegal conduct of other INSIDERS.

f. The INSIDER, HUMBLE failed to properly capitalize the JUDGMENT DEBTOR.

**WHEREFORE** Plaintiff, BAKER, request judgment plus interest, costs and such fees are allowable against the Third Party Defendant, HUMBLE, and such other relief as the Court deems equitable and just.

### COUNT III
### BUSINESS CONTINUATION
### (NITV FED)

18. Plaintiff incorporates the General Allegations in paragraphs 1-11 as set forth above.

19. The SUCCESSOR/ALTER EGO was set up by the INSIDERS, IRIMIA, HUMBLE and KANE, for the purpose of engaging in substantially the same business activities as the JUDGMENT DEBTOR.

20. The SUCCESSOR/ALTER EGO was capitalized with the assets fraudulently transferred from the JUDGMENT DEBTOR.

21. The SUCCESSOR/ALTER EGO reflects a continuity of JUDGMENT DEBTOR ownership, business operations, personnel, officers and directors, utilization of the same

independent contractors to provide the same or nearly identical services to the SUCCESSOR/ALTER EGO as those independent contractors provided for the JUDGMENT DEBTOR and/or the SUCCESSOR /ALTER EGO continued providing the same services and/or products as the JUDGMENT DEBTOR.

22. By virtue of the foregoing, the SUCCESSOR/ALTER EGO is either a business continuation, a successor corporation, or the surviving corporation of a de factor merger between SUCCESSOR/ALTER EGO and the JUDGMNET DEBTOR, and is liable for the JUDGMENT DEBT.

**WHEREFORE** Plaintiff, BAKER, request judgment plus interest, costs and such fees are allowable against the Third Party Defendant, IRIMIA, HUMBLE and KANE and for such other relief as the Court deems equitable and just.

        s/STEPHEN B. GEBELOFF, ESQ.
        **STEPHEN B. GEBELOFF, P.A.**
        FL BAR NO.: 0695947
        Attorney for Plaintiff,
        5255 N Federal Highway, Third Floor
        Boca Raton, FL 33487
        561-953-4600
        steve@gebelofflaw.com

3IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

ELWOOD GARY BAKER,

CASE NO. 502005CA001771 AE

    Plaintiff,

vs.

NITV, LLC,

    Defendant,

vs.

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE
and CHARLES HUMBLE,

    Third Party Defendants.

_____/

## AGREED ORDER ON PLAINTIFF'S
## MOTION TO FILE AN AMENDED COMPLAINT

This matter having come before the Court on Plaintiff's Motion to File an Amended Complaint, and the Court having reviewed the Motion, Proposed Amended Complaint and being further advised in the premises; it is hereby,

**ORDERED**: Plaintiff's Motion is Granted. The Amended Complaint is deemed as filed; and it is further,

**ORDERED**: The Defendants shall have thirty (30) days from the date of this Order to file a responsive pleading to the Amended Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Orange County, Florida, this 20th day of September, 2016.

_____
Honorable Jeffrey Dana Gillen, Circuit Judge

Copies Furnished to:
Stephen B. Gebeloff, Esq., Attorney for Plaintiff, 5255 N. Federal Hwy, 3rd Floor, Boca Raton, FL 33487 (Steve@gebelofflaw.com)
William A. Fleck, Esq. Attorney for Defendants, 6650 W. Indiantown Rd., Suite 200 Jupiter, FL 33458 (wfleck@jupiterlegaladvocates.com)

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

ELWOOD GARY BAKER,

    Plaintiff,

vs.

NITV, LLC,

    Defendant,

vs.                                  CASE NO.: 502005CA001771XXXMB-AE

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE,
and CHARLES HUMBLE,

    Third Party Defendants.
_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED THIRD PARTY COMPLAINT IN EXECUTION

Defendant, NITV, LLC, NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, JAMES KANE, and CHARLES HUMBLE, by and through their undersigned counsel and hereby files this Answer to Plaintiff's Amended Third Party Complaint in Execution and states as follows in support thereof:

    1.    Paragraph 1 contains conclusions of law and is, therefore, neither admitted or denied.

    2.    Paragraphs 2 contains conclusions of law and is, therefore, neither admitted nor denied.

    3.    Paragraph 3 contains conclusions of law and is, therefore, neither admitted nor denied.

    4.    Paragraph 4 contains conclusions of fact that are beyond the knowledge of the Defendants and is, therefore, neither admitted nor denied.

    5.    Paragraph 5 is admitted.

    6.    Paragraph 6 is admitted but is otherwise denied as to the allegation of being a "Co-

Baker v. NITV, LLC, et al.
Case No.: 502015CA001771XXXXMB-AE
Page 2
Defendants' Answer to Plaintiff's Amended Third Party Complaint in Execution

Conspirator".

7. Paragraph 7 is admitted but is otherwise denied as to the allegations of being a "Co-Conspirator".

8. Paragraph 8 is admitted but is otherwise denied as to the allegation of being a "Co-Conspirator".

9. Paragraph 9 contains conclusions of fact beyond the knowledge of Defendants and is, therefore, neither admitted nor denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied in total, including subparagraphs 12(a), 12(b) and 12(c).

13. Paragraph 13 is denied.

14. Paragraph 14 contains an incorporation of Plaintiff's previous recitals and is, therefore, neither admitted nor denied as it has already been answered.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied in total, including subparagraphs 17(a), 17(b), 17(c), 17(d), 17(e), and 17(f).

18. Paragraph 18 contains an incorporation of Plaintiff's previously recitals and is, therefore, neither admitted nor denied as it has already been answered.

19. Paragraph 19 is denied.

Baker v. NITV, LLC, et al.
Case No.: 502015CA001771XXXXMB-AE
Page 3
Defendants' Answer to Plaintiff's Amended Third Party Complaint in Execution

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

WHEREFORE, the Defendants pray that this Court deny the Plaintiff's request for relief as contained in Plaintiff's Amended Third Party Complaint in Execution and order such other and further relief as it deems appropriate.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by E-mail to steve@gebelofflaw.com, STEPHEN B. GEBELOFF, ESQ., Stephen B. Gebeloff, P.A., 5255 N. Federal Highway, Third Floor, Boca Raton, FL 33487, this 26th day of October, 2016.

JUPITER LEGAL ADVOCATES
6650 West Indiantown Road, Suite 200
Jupiter, Florida 33458
Telephone: (561) 748-8000
Facsimile: (561) 748-9000
E-Mail: wfleck@jupiterlegaladvocates.com
E-Mail: sczaplicki@jupiterlegaladvocates.com

By: /s/ William A. Fleck
WILLIAM A. FLECK, ESQUIRE
Florida Bar No: 340707

Filing # 126836421 E-Filed 05/14/2021 01:02:37 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 502005CA001771XXXXMBAE

ELWOOD GARY BAKER,

    Plaintiff,

vs.

NITV, LLC,

    Defendant,

vs.

NITV FEDERAL SERVICES, LLC,
LOURDES IRIMIA, JAMES KANE and
CHARLES HUMBLE,

    Third Party Defendants.

_____/

## NOTICE OF DROPPING DEFENDANT JAMES KANE AS A PARTY

Plaintiff, ELWOOD GARY BAKER, by and through his undersigned attorneys, pursuant to the Florida Rules of Civil Procedure, hereby gives notice that JAMES KANE is hereby dropped as a party from this suit based upon Mr. Kane's testimony at deposition and the Affidavit of Charles Humble. The case remains pending as to all other Defendants/Third Party Defendants.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of May, 2021 pursuant to Fla. R. Jud. Admin. 2.516, a true copy of the foregoing document is being electronically filed and thereby e-served via Florida e-Portal on all counsel/parties affiliated with this case in the manner specified within the e-portal changes effective June 20, 2014. (Note: Alternate e-mail addresses on the e-portal will be "checked" for service, and anyone affiliated with this case

but not registered on the e-portal will be served in the manner specified by the aforementioned Rule.)

Persons served: William Fleck, Esq. wfleck@jla.legal; ptaylor@jla.legal; wfleck@jupiterlegaladvocates.com

**ZAPPOLO & FARWELL, P.A.**
Attorney for BAKER
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
jfarwell@zappolofarwell.com
filings@zappolofarwell.com

By: /S/ Scott W. Zappolo
SCOTT W. ZAPPOLO
Florida Bar Number 132438