UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In the Matter of:                                     Case No. 21-18481-MAM

**NITV, LLC,**                                        Chapter 7

    Debtor.

_____/

**TRUSTEE IN BANKRUPTCY'S MOTION TO:**

1. **APPROVE SETTLEMENT AGREEMENT BETWEEN MICHAEL BAKST, AS CHAPTER 7 TRUSTEE AND (DEBTOR) NITV, LLC (WHERE SAID SETTLMENT AGREEMENT IS JOINED BY PLAINTIFF AND DEFENDANT(S) IN RELATED ADVERSARY PROCEEDING); AND**

2. **PAY TRUSTEE'S SPECIAL COUNSELS' CONTINGENT FEES FROM SETTLEMENT PROCEEDS**

    **MICHAEL R. BAKST**, as Chapter 7 Trustee for the Debtor, NITV, LLC (Hereinafter, the "Plaintiff" or "Trustee"), by and through his undersigned counsel, and pursuant to Federal Rules of Bankruptcy Procedure 9019 and Local Rule 9019-1 of the United States Bankruptcy Court for the Southern District of Florida, files this Motion To (1) Approve Settlement Agreement Between Michael Bakst, as Chapter 7 Trustee and (Debtor) NITV, LLC (Where Said Settlement Agreement is Joined by Plaintiff and Defendant(s) in Related Adversary Proceeding) Each a "Settling Party," and together with the Trustee, the "Parties," and singularly a "Party") and (2) Pay Trustee's Special Counsels' Contingent Fees from Settlement Proceeds (the "Motion") and states, as follows:

**Procedural History Supporting Relief Requested**

1. On August 31, 2021 (the "Petition Date") Debtor, NITV, LLC filed a voluntary Chapter 7 petition in

1

this Honorable Court.

### Prior State Court Collection Proceedings

2. At the time of its Chapter 7 filing, Debtor NITV LLC was already a defendant in "proceedings supplementary" to a State Court action entitled "ELWOOD GARY BAKER vs. NITV, LLC and NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, JAMES KANE and CHARLES HUMBLE" and assigned Palm Beach County, Circuit Court Case Number: 50 2005 CA 001771 XXXX MB AE (Hereinafter, the "State Court Collection/Supplementary Proceeding/Action")(note that James Kane had been dismissed (pre-petition) as a defendant in that matter, but the caption retains his name).

3. Lourdes Irimia and Charles Humble are/have been principals of Debtor, NITV, LLC, and/or its alleged alter ego, NITV FEDERAL SERVICES, LLC.

4. Within said State Court Collection/Supplementary Proceeding, state court Judgement holder and Creditor, Elwood Gary Baker, had been trying to collect his judgment from not only the Debtor here, but also Charles Humble and Lourdes Irimia.

5. The Allegations in the State Court Collection/Supplementary Proceeding/Action involved *inter-alia*, that the Debtor was/is a Successor / Alter Ego / business Continuation of Debtor, sought to "Pierce the Corporate Veil" and that the original judgment debtor and Charles Humble and Lourdes Irimia had effectuated, and continued to effectuate "fraudulent transfers" (as defined by Chapter 726, Florida Statutes) among themselves. The State Court Collection/supplementary Proceeding/Action was "mid trial docket" on the date of Debtor's bankruptcy filing.

### Related Adversary Proceeding
### (22-01092-MAM)

6. On February 23, 2022, NITV FEDERAL SERVICES, LLC, CHARLES HUMBLE and LOURDES IRIMIA (a/k/a LOURDES HUMBLE) filed a Notice of Removal of "all remaining claims" against them in the State Court Collection / Supplementary Proceeding/Action. Upon Removal, said matter was assigned Adversary Proceeding Case Number 22-01092-MAM. (*See Also*, [ECF # 28])

7. The parties to the Adversary Proceeding agreed to participate in a Judicial Settlement Conference (See,

[ECF # 4] in 22-01092-MAM) and to an Agreed Order Granting Ex Parte Motion ot Extend Time to File a Motion to Remand to State Court (See, [ECF # 10] in 22-01092-MAM) pending the outcome of the Settlement Conference.

8. The parties to the Adversary Proceeding successfully resolved all claims among them at the May 24, 2022 Settlement Conference (although some time was expended finalizing and executing the written agreement which memorialies same).

9. **Should this Court approve the relief requested herein, the issues related to remand (and ECF #10) Will be moot.**

10. A copy of the Settlement Agreement sought to be approved by this Court is attached hereto as **"COMPOSITE EXHIBIT 1."**

### This Court's Prior Order Related to Employment of Counsel

11. On October 21, 2021, after investigating the State Court Collection/Supplementary Proceedings, Trustee filed a "Motion to Approve Employment of Scott Zappolo, Esq. (the undersigned) as his "Special Litigation Counsel" [ECF # 12].

12. Said Motion specifically stated (at para. 3 therein) that Trustee wanted to employ the undersigned "to represent the estate for the State Court Action whether in Circuit Court of the Bankruptcy Court" and (at para. 5) took the position that pending State Court Action was "now property of the bankruptcy estate."  It also attached the proposed Contingency Fee Contract.

13. On November 4, 202, this Court Granted Trustee's Motion.  [ECF # 15].

### Trustee's Pursuit of Debtor's Assets

14. Given:

A. The basis of the Motion to Employ Special Litigation Counsel (*inter-alia*, to represent the Bankruptcy Estate in the pending state court action) and the related November 4th Order granting same; and

B. The fact that the pursuit of the Debtor's assets via the "State Court Collection/Supplementary Proceedings" are an independent action (especially given the fact that it involves non-bankruptcy participants)

On December 31, 2022, the undersigned filed "Michael R. Bakst, Trustee in Bankruptcy's Motion to Intervene

on Behalf of Bankruptcy Creditors of NITV, LLC" in the State Court Collection/Supplementary Proceedings.

15. Upon Bankruptcy counsel's voiced objection to said filing, on February 23, 2022, the undersigned filed a "Motion for Clarification of the Automatic Stay, or in the Alternative, Motion for Relief from Stay" [ECF # 23]. The hearing upon said motion has been continued pending finalization of the Settlement Documents. *Cf* [ECF 40]. **Should this Court approve the instant motion, said motion [ECF 23] will be moot.**

### The Settlement

16. As a result of the Judicial Settlement Conference, and in order to avoid the cost and uncertainty of litigation, but without any of the Parties admitting the validity of any claim or defense asserted by the other Party and without admitting any liability or wrongdoing, the Parties agreed to fully and finally compromise, settle, and resolve the Claims, and any and all claims and disputes by and between and among them, as set forth and memorialized in the settlement agreement ("Settlement Agreement") which is attached hereto as **"COMPOSITE EXHIBIT 1."**

17. The Settlement Agreement contains all material terms and conditions of the settlement, and settles *inter alia* and all claims that were or could have been raised by the Trustee against the Settling Parties for the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Settlement Amount") – payable in periodic installments of:

   A. An Initial Payment of Fifty Thousand Dollars ($50,000.00) within 15 days of the "Effective Date" (Defined at para. 7 of the Settlement Agreement as: 15 days after the date of this Court's Settlement Approval Order); and

   B. Ten Subsequent, Periodic Payments of Twenty Thousand Dollars ($20,000.00) each, with the first of said payments due to the Trustee in Bankruptcy 45 days after the Effective Date and subsequent payments due every thirty days thereafter until all 10 payments are made.

18. This Motion and the notice of hearing thereon are being noticed to all creditors and parties in interest pursuant to Federal Rule of Bankruptcy Procedure 9019.

19. This Motion incorporates the terms of the Settlement Agreement by reference. In the event of any inconsistencies between any summary in this Motion and the actual terms of the Settlement Agreement, the terms of the Settlement Agreement shall govern. Accordingly, the Trustee encourages all creditors and parties in interest not to rely upon this Motion, and to read the Settlement Agreement in full for the terms.

## Request for Approval of Settlement

20. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D.Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". *Id*. at 891, citing, *In re Teltronics Services, Inc*., 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that the Settlement Agreement more than complies with the legal principles relied upon within these authorities.

21. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

a. the probability of success in the litigation;
b. the difficulties, if any, to be encountered in the matter of collection;
c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
d. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd,* 898 F.2d 1544 (11th Cir. 1990).

22. With regard to these factors, the following is a detailed analysis:

    (a)    Specifically, when weighing the probability of success in the litigation, payment of the Settlement Amount under the Settlement Agreement will avoid the difficulty and expense and time delays incumbent in litigation of the Claims. While the Trustee believes that his Claims are meritorious, and that the defenses asserted by the Settling Parties may be overcome, the Trustee recognizes the risks associated

with litigation of complex claims and facts, and the possibility of an adverse judgment could materially impact the Trustee's efforts to make a distribution to creditors. Further, the Trustee is cognizant that litigation of the Claims encompasses multiple complex factual and legal issues (typically adjudicated on a case-by-case basis) and the potential for continued extensive litigation involving costly and time-consuming fact and expert discovery, summary judgment briefing and rulings, multiple days (or weeks) of trial before the Bankruptcy Court, and any and all potential appeals (which the Trustee believes are likely to occur), all with an uncertain result.

(b) With regard to the difficulties, if any, to be encountered in the matter of collection, the Trustee has evaluated the risks of collection and believes that the Estate may encounter difficulties in collecting upon a judgment, to the extent that any award to the Plaintiff in connection with the Claims would be subject to appeals, which the Plaintiff believes would be pursued, which would serve to significantly delay collection upon a judgment. The Trustee is concerned that there is no insurance to cover the claims asserted against the Settling Parties and of the uncertain nature of their continued business should the disputes not be resolved through settlement. The Trustee has also taken into account the ability of the Trustee to monetize the Claims in determining the difficulties in collecting upon any judgment that may be obtained by the Estates against the Settling Parties. Here, among other countervailing factors, the Trustee has concluded that proceeding with the pending adversary proceeding (in state or bankruptcy court) could further erode the Settling Parties' ability to pay. Given these factors, the Trustee has determined that the Settlement Agreement will avoid the difficulties and uncertainties of collecting and enforcing any judgment, order or decree that may be entered by the Court.

(c) With regard to the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it, the Trustee submits that litigation of the Claims would be complex, will be both expensive and inconvenient to continue to pursue, and will undoubtedly result in significant delay. The litigation would necessarily be complex given the significant factual and legal issues that form the basis of the Claims and the Settling Parties' asserted defenses. Furthermore, as explained above, continued litigation will be expensive and inconvenient to pursue through the remaining fact and expert witness discovery, summary judgment briefing and rulings, multiple days (or weeks) of trial before the Bankruptcy (and/or State) Court(s), and potential for

appeals. Based upon these factors, continuing to litigate the Claims to judgment and through any and all appeals, to potentially achieve substantially similar results negotiated under the Settlement Agreement, or possibly obtain an adverse ruling, is cost prohibitive and will result in substantial delays with recoveries to the Estate. Indeed, the Settlement Agreement provides a material benefit to the Estate by resolving complex litigation claims on favorable terms while eliminating further expense, inconvenience, and delay of the proceedings.

        (d)        With regard to the paramount interest of the creditors and a proper deference to their reasonable view in the premises, again, for the reasons already articulated, the Trustee reached this settlement at arms' length with the Settling Parties after months of cooperation and exchange of information, as well as negotiation during the settlement conference, and believes that it is in the best interests of the Estate. Moreover, the Trustee has considered the positions of creditors with a proper deference toward their reasonable views (and included the principal creditor in the settlement conference), as weighed against the costs and uncertainties of litigation, and the inconvenience and delays necessitated by it, which would be adverse to the interests of creditors and this Estate. The Settlement Agreement provides the Estate with a material $250,000.00 recovery, while eliminating litigation risk and further expense, inconvenience, and delay, and therefore, serves the paramount interest of creditors with proper deference to their reasonable views in the premises. Of course, the Trustee will consider creditors' reasonable views of the Settlement Agreement.

23. Lastly, the Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and as being within the best interest of creditors and the Estate.

### Request for Approval to Pay Special Counsel's Contingent Fees from Settlement Proceeds

24. If the Settlement Agreement is approved as requested in the Motion, the Trustee requests approval to pay contingency fees owed to his Special Counsel, Scott W. Zappolo, Esq., of the law firm of Zappolo & Farwell, P.A., who has been employed by the Estate to represent the Trustee

in the pursuit of the Claims.

25. On November 4, 202, this Court Granted Trustee's Motion to employ the aforementioned attorney. [ECF # 15], pursuant to a Contigency Fee Contract – which departed downward (decreased the standard amounts payable) from the "Standard" Contingency Fee Contract rates which are incorporated within Rule 4-1.5 of the Rules Regulating the Florida Bar. Since an Answer had been filed, the "standard" fee would be 40%, however, the Trustee negotiated, and thus the order approved, a thirty-five percent (35%) contingent fee for the Special Counsel from any recoveries on the Claims (the "Contingency Fee").

26. Although Special Counsel has incurred expenses related to the representation of Trustee, special Counsel has agreed to waive same. Further, Special Litigation Counsel has agreed that his fee may be paid by Trustee on a percentage basis, upon each payment that is received by the Trustee in Bankruptcy.

27. The request by Special Counssel for approval and payment of the Contingency Fee in conjunction with the Motion seeking approval of the Settlement Agreement under Fed. R. Bankr. P. 9019 is made, without the requirement of Special Counsel filing fee applications. The relief requested herein is subject to the entry of a Final Order by the Bankruptcy Court approving the Settlement Agreement and receipt by the Estate of the Settlement Amount in clear funds.

28. Accordingly, if the Settlement Agreement is approved, the Trustee respectfully requests that this Court (i) approve the total Contingency Fee in the amount of Eighty seven Thousand, Five Hundred Dollars ($87,500), which is equal to thirty-five percent (35%) of the Settlement Amount from the settlement proceeds, (ii) approve and authorize payment and disbursements of the Contingency Fee by the Trustee to special litigation counsel, pursuant to the terms of the Order Granting Application to Employ Scott Zappolo as Special Litigation Counsel [ECF # 15] and direct that the payment of same be made as a percentage of each periodic payment received by the Trustee and pursuant to the terms of the contingency contract executed by Trustee.

**WHEREFORE**, the Trustee, Michael R. Bakst, as Chapter 7 Trustee in Bankruptcy, respectfully requests that the Court enter an Order (i) granting the instant Motion; (ii) approving the Settlement Agreement attached hereto as **"Composite Exhibit 1"**; (iii) approving and authorizing payment and disbursements of the Contingency Fee to the Trustee's Special Litigation Counsel pursuant to the terms of the approved Contingency Contract (as same may have been amended as noted herein) and related Order(s) both prior and the Order Granting the instant Motion; and (iv) granting such other and further relief as the Court deems just and proper.

**Dated: August 31 2022.**

**ZAPPOLO & FARWELL, P.A.**

Attorneys for Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL  33418

By: /s/ Scott W. Zappolo, Esq.
       Scott W. Zappolo, Esq.
       Email: szappolo@zappolofarwell.com
       Fla. Bar No. 132438

**CERTIFICATE OF COMPLIANCE**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional requirements to practice in this Court as set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was is being filed with the court's electronic filing system on this 31st day of August, 2022 and thus served on those parties listed below.

**Electronic Mail Notice List:**

**Michael R. Bakst:** efilemrb@gmlaw.com; ecf.alert+Bakst@titlexi.com; efileu1084@gmlaw.com; efileu1086@gmlaw.com; efileu386@gmlaw.com; efileu1857@gmlaw.com

**Julianne R. Frank, attorney for Debtor:** julianne@jrfesq.com; G59511@notify.cincompass.com

**Mark A. Levy**: mark.levy@brinkleymorgan.com; Sandra.gonzalez@brinkleymorgan.com; brinkleymorgancf@gmail.com

**Office of US Trustee:** USTPRegion21.MM.ECF@usdoj.gov

**Amanda Klopp and Eyal Berger:** attorneys for Removing Parties, NITV Federal Services, LLC, Lourdes Irimia a/k/a Lourdes Humble and Charles Humble (in adversary proceeding no: 22-01092 – MAM): amanda.klopp@akerman.com; eyal.berger@akerman.com;

**I FURTHER CERTIFY** that a true copy of the foregoing was is being served upon "State Court Counsel" on this 31st day of August, via e-mail in accordance with Fla. R. Jud. Admin. 2.516 on all counsel/parties affiliated with the State Court Case.

Persons served: William Fleck, Esq. and Davide Steinfeld, Esq.: wfleck@jla.legal; ptaylor@jla.legal; wfleck@jupiterlegaladvocates.com; dave@davidsteinfeld.com; ecf.state@davidsteinfeld.com

**ZAPPOLO & FARWELL, P.A.**
Attorneys for Michael R. Bakst, Trustee in Bankruptcy
7108 Fairway Drive, Suite 322
Palm Beach Gardens, FL 33418
(561) 627-5000 (telephone)
(561) 627-5600 (facsimile)
szappolo@zappolofarwell.com
filings@zappolofarwell.com
jfarwell@zappolofarwell.com

By: /S/ Scott W. Zappolo
SCOTT W. ZAPPOLO
Florida Bar Number: 132438