## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made on the Effective Date by and among **Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC** ("Trustee") with an address of 525 Okeechobee Boulevard #900, West Palm Beach, FL 33401 and email address of michael.bakst@gmlaw.com, **Elwood Gary Baker** ("Plaintiff") with an address of c/o Scott W. Zappolo, Esq., Zappolo & Farwell, P.A., 7108 Fairway Drive, Suite 322, Palm Beach Gardens, FL 33418 and email address of szappolo@zappolofarwell.com, **NITV Federal Services, LLC**, a Florida Limited Liability Company ("NITV Federal"), **Lourdes Irimia a/k/a Lourdes Humble** ("Mrs. Humble"), and **Charles Humble** ("Dr. Humble"), whose addresses are c/o William Fleck, Esq., 8895 North Military Trail, Suite E102, Palm Beach Gardens, FL 33410, and email address of wfleck@jla.legal. Trustee, Plaintiff, NITV Federal, Mrs. Humble, and Dr. Humble are collectively referred to herein as "Parties." NITV Federal, Mrs. Humble, and Dr. Humble are all collectively referred to herein as the "Third Party Defendants."

## RECITALS

**WHEREAS**, on May 23, 2013, the Circuit Court of Palm Beach County, Florida ("State Court") entered an Amended Final Judgment ("Judgment") in favor of Plaintiff against NITV, LLC ("NITV" or "Debtor") in the amount of $250,000 in the case of Elwood Gary Baker v. NITV, LLC, Case No. 502005CA001771XXXXMB in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("State Court Action"). Plaintiff asserts that the amounts currently owing under the Judgment are $464,310.52 ("Judgment Amount").

**WHEREAS**, on May 5, 2014, in the State Court Action, Plaintiff filed a motion to institute proceedings supplementary to file a Third Party Complaint in Execution against NITV Federal, Mrs. Humble, James Kane, and Dr. Humble, alleging counts for fraudulent transfers, piercing the corporate veil, and business continuation.

**WHEREAS**, on August 26, 2016, in the State Court Action, Plaintiff filed a motion to file an Amended Third Party Complaint in Execution ("Amended Complaint") against NITV Federal, Mrs. Humble, James Kane, and Dr. Humble, alleging counts for fraudulent transfers, piercing the corporate veil, and business continuation, which motion was granted by the Court on September 20, 2016.

**WHEREAS**, on October 26, 2016, in the State Court Action, the Third Party Defendants filed an Answer to Plaintiff's Amended Third Party Complaint in Execution, denying the allegations therein.

65297506;1

EXHIBIT

1

(COMPOSITE)

**WHEREAS**, on May 14, 2021, in the State Court Action, the Plaintiff filed a Notice of Dropping Defendant James Kane as a Party, and voluntarily dismissed all claims in the Amended Complaint against James Kane.

**WHEREAS**, on August 31, 2021, NITV, LLC ("Debtor") filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Florida under Case No. 21-18481 ("Bankruptcy Case").

**WHEREAS**, on September 28, 2021, the Court in the State Court Action entered an Order Staying Case for Bankruptcy and Directing Clerk to Change Case Status.

**WHEREAS**, on December 31, 2021, the Trustee filed a Motion to Intervene on Behalf of the Bankruptcy Creditors of NITV, LLC in the State Court Action.

**WHEREAS**, on February 23, 2022, the Third Party Defendants filed a Notice of Removal as an adversary proceeding in the Debtor's Bankruptcy Case under Adv. Pro. No. 22-01092 ("Adversary Proceeding") pursuant to Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. §§ 1334 and 1452(a), and the General Order of Reference of the United States District Court for the Southern District of Florida (S.D. Fla. L.R. 87.2), thereby removing the claims and causes of action against Third Party Defendants in the Plaintiff's Amended Complaint.

**WHEREAS**, the Parties to this Agreement have agreed to settle the State Court Action and the Bankruptcy Case, and all claims that could be raised against the Third Party Defendants by the Plaintiff or Trustee, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth herein, the receipt and adequacy of which is hereby acknowledged, the Parties hereby agree as follows:

1.      The above Recitals are true and correct and incorporated herein.

2.      The Third Party Defendants, jointly and severally, agree to pay the Trustee the amount of $250,000 (the "Settlement Sum") as follows:

    (a)      Payment of fifty thousand dollars ($50,000.00) to the Trustee no later than 15 days after the Effective Date;

    (b)      Payment of two hundred thousand dollars ($200,000) to Trustee as follows:

        (i)      ten (10) monthly payments of twenty thousand dollars ($20,000.00), with the first payment due forty-five (45) days after the Effective Date, and each subsequent payment due every thirty (30) days thereafter until all ten payments are made. For the

avoidance of doubt, payments under this subparagraph 2.b.i. are due according to the following payment schedule:

|     | Payment Due Date | Payment Amount |
|-----|------------------|----------------|
| 1.  | 45 days after Effective Date | $20,000 |
| 2.  | 75 days after Effective Date | $20,000 |
| 3.  | 105 days after Effective Date | $20,000 |
| 4.  | 135 days after Effective Date | $20,000 |
| 5.  | 165 days after Effective Date | $20,000 |
| 6.  | 195 days after Effective Date | $20,000 |
| 7.  | 225 days after Effective Date | $20,000 |
| 8.  | 255 days after Effective Date | $20,000 |
| 9.  | 285 days after Effective Date | $20,000 |
| 10. | 315 days after Effective Date | $20,000 |

Collectively, (a) and (b) shall be referred to as the "Settlement Proceeds."

3.       The above payments shall be made in the form of a check made to Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC and mailed to the address of Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC, 525 Okeechobee Boulevard #900, West Palm Beach, FL 33401. Payments shall be treated as paid on the date postmarked. If any payments are due on a Saturday, Sunday, or legal holiday, the deadline to make such payment shall be the next day that is not a Saturday, Sunday, or legal holiday.

4.       If the Third Party Defendants fail to make any of the payments of the Settlement Proceeds provided in Paragraph 2, Trustee or its counsel shall provide notice of the default to Third Party Defendants and their counsel by certified mail and email at the addresses provided below ("Notice of Default"). The Notice of Default shall identify the alleged payment missed and the date of the missed payment. Third Party Defendants shall have seven (7) days from the date that the Notice of Default is mailed and emailed to fully cure the default ("Cure Period"). Third Party Defendants shall only be entitled to a Notice of Default and Cure Period for three delinquent payments.

<u>Addresses to Send Notice of Default:</u>

William Fleck, Esq.
8895 North Military Trail, Suite E102
Palm Beach Gardens, FL 33410
wfleck@jla.legal
ptaylor@jla.legal

Dr. Charles Humble
1210 Breakers West Blvd.
West Palm Beach, FL 33411
charles@charleshumble.com

Settlement Agreement
Page 3 of 11

5.      If either of the payments required in Paragraph 2(a) or Paragraph 2(b) are not received by Trustee on or before the respective deadlines for making such payments, and has not been made within the Cure Period in Paragraph 4, or the Third Party Defendants are not entitled to any Cure Period pursuant to Paragraph 4, the Parties agree that the Trustee is permitted to file in the State Court Action a Motion for Entry of Agreed Final Judgment Against NITV Federal accompanied by an Affidavit of Non-Performance executed by Trustee or its counsel. Trustee is entitled to concurrently submit the Agreed Final Judgment against NITV Federal, which shall be in the amount of the Judgment Amount, less payments made under this Agreement, and shall be in substantially the form of the Agreed Final Judgment attached hereto as **Exhibit A** (amounts to be filled in). The parties agree that the Agreed Final Judgment is to be entered solely against NITV Federal, and that there is no defense to entry of the Agreed Final Judgment against NITV Federal except full and timely payment of the amounts due under Paragraph 2. Notwithstanding the fact that the Agreed Final Judgment will be entered in favor of the Trustee against NITV Federal, in the event of an uncured default, the Trustee may pursue any other claims against any other companies and/or individuals as appropriate, including but not limited to, Charles Humble and/or Lourdes Irimia.

6.      Within five (5) days of execution of this Agreement by Plaintiff and Third Party Defendants, the Trustee agrees to submit a motion for approval of this agreement ("Settlement Motion") to the Bankruptcy Court and request an Order of the Bankruptcy Court approving the Settlement Motion. The Parties recognize that the effectiveness of this Agreement is contingent upon the entry of an order of the Bankruptcy Court approving the terms of this Agreement and granting related relief ("Settlement Approval Order").

7.      For all purposes, the Effective Date of this Agreement shall be 15 days after the date that the Settlement Approval Order is entered by the Bankruptcy Court in the Debtor's Bankruptcy Case and is not subject to any appeal or issued stay.

8.      Upon the Effective Date, the Parties agree to submit an agreed motion and order remanding the Amended Complaint to the State Court Action.

9.      Within five (5) days of the remand, Trustee shall a) file a Motion to Dismiss the Amended Complaint substantially in the form attached hereto as **Exhibit B**, providing that the Amended Complaint is dismissed, subject to the State Court retaining jurisdiction to enforce the terms of this Agreement; and, b) present for entry by the State Court in the State Court Action an Agreed Order of Dismissal Upon Settlement substantially in the form attached hereto as **Exhibit C**, providing that the Amended Complaint is dismissed, subject to the Court retaining jurisdiction to enforce the terms of this Agreement. In connection with submission of the Motion to Dismiss the Amended Complaint, Trustee may submit a copy of this Agreement to the State Court.

10.     Time is of the essence for all time periods set forth herein.

11.     Upon all payments under Paragraph 2 being made, the Trustee and Plaintiff, and their successors, assigns, predecessors, employees, agents, and counsel, past and present, on the

one hand, hereby release and forever discharge Mrs. Humble, and Dr. Humble and their successors, assigns, predecessors, officers, directors, shareholders, members, employees, agents, and counsel, past and present, on the other hand, from and against all claims, actions, causes of action, suits, controversies, agreements, promises, and demands of every kind and nature whatsoever, in law or in equity; provided, however, that claims to enforce this Agreement are not released.

12.    If any Party hereto commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing Party or Parties in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action.

13.    Each of the Parties agrees that they nor anyone on their behalf will make or cause to be made any statements that disparage, are inimical to, or are damaging to the reputation of the other Parties. The Parties shall use its commercially reasonable efforts to cause its members, managers, owners, directors, officers, employees, and independent contractors not to disparage the other Party in any way. Each party agrees that they shall not make any disparaging comments or statements about any other party to anyone which could affect the business and/or reputation of the other party.

14.    The Parties represent that they have had adequate opportunity to consult with counsel or other advisor of their own choosing in connection with this Agreement.

15.    The Parties have entered into this Agreement, knowingly, voluntarily, and under no duress, and acknowledge that they received adequate consideration for the entering into of this Agreement.

16.    The person signing on behalf of each Party expressly warrants and represents that he or she is duly authorized by the appropriate corporate party or individual(s) to enter into this Agreement.

17.    This Agreement shall be construed and interpreted in accordance with the laws of the State of Florida.

18.    This Agreement shall be binding upon and inure to the benefit of, as applicable, each of the Parties' respective successors, assigns, heirs, estates, and representatives.

19.    The Parties agree that no rule of construction which would result in an interpretation or construction in favor of or to the detriment of one of the Parties or the others shall apply in construing or interpreting this Agreement or any provision thereof.

20.    Any waiver by any party of any of the provisions of this Agreement at any time shall constitute a waiver only for that particular instance and for that particular purpose at that particular time and shall not be construed as constituting a waiver for any other breach of any sort, type, or nature for any occurrence, similar or otherwise, at any time in the future.

21.    This Agreement and each of its parts shall be severable and, if any provision is determined to be void, invalid or unenforceable, the remainder of this Agreement shall be fully enforced without such term(s).

22.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same instrument. A facsimile or e-mail copy of this Agreement and any signature hereon shall be considered for all purposes as originals.

23.    The Parties agree to execute any documents necessary, and to take any other actions necessary, to implement and carry out the terms of this Agreement.

24.    This Agreement constitutes the entire agreement between the Parties and cannot be modified except by virtue of a further written document signed by the party sought to be charged with that modification.

25.    <u>WAIVER OF JURY TRIAL.</u> ALL OF THE PARTIES TO THIS AGREEMENT WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY ANY OF THEM AGAINST ANY OTHER PARTY OR PARTIES IN ANY MATTERS WHATSOEVER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS AGREEMENT AND/OR ANY CLAIM OF INJURY OR DAMAGE.

**IN WITNESS WHEREOF,** the undersigned Parties, have executed this Settlement Agreement.

[Signatures on following pages]

65297506.1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _15_ day of _August_, 2022.

**Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC:**

By: _____

Print Name: _____

STATE OF FLORIDA                )
                                ) ss:
COUNTY OF _____       )

The foregoing instrument was acknowledged before me this _15th_ day of _August_ 2022 by _____, as _____, on behalf of **Michael R. Bakst, as Chapter 7 Trustee for the bankruptcy estate of NITV, LLC**. He is personally known to me or has produced _personally Known_ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

Toni C. Gresham
Comm. #GG916211
Expires: Nov. 2, 2023
Bonded Thru Aaron Notary

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this *10th* day of *August*, 2022.

**Elwood Gary Baker:**

By: *[signature]*

Print Name: *Elwood G. Baker*

STATE OF ~~FLORIDA~~ *GA* )

COUNTY OF *Lanier* ) ss:

The foregoing instrument was acknowledged before me this *10th* day of *August*, 2022 by **Elwood Gary Baker**. He is personally known to me or has produced *USA Pass Port Pic ID* (type of identification) as identification.

*[signature]*

NOTARY PUBLIC, STATE OF ~~FLORIDA~~ *GA.*

*Sharon Taylor*

(Print, Type or Stamp Commissioned Name of Notary Public)

*[notary seal: SHARON TAYLOR / NOTARY PUBLIC / LANIER COUNTY GA]*

EXP: *3/14/26*

65297506;1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_, 2022.

NITV Federal Services, LLC:

By: _____

Print Name: _CHARLES HUMBLE_

as _MNG. MEM_ of NITV Federal Services, LLC

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF _Palm Beach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_, 2022 by _Charles Humble_ as _Managing Member_ of NITV Federal Services, LLC. She/he is personally known to me or has produced _____ (type of identification) as identification.

_Stacy Parsons_

NOTARY PUBLIC, STATE OF FLORIDA

_Stacy Parsons_

(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 285006
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

Settlement Agreement
Page 9 of 11

65297506;1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_, 2022.

**Lourdes Irimia a/k/a Lourdes Humble:**

By: _~L Humble~_

Print Name: _LouRdes Humble_

STATE OF FLORIDA    )
                    ) ss:
COUNTY OF _Palm Beach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_, 2022 by **Lourdes Irimia a/k/a Lourdes Humble**. She is <u>personally known</u> to me or has produced _____ (type of identification) as identification.

_Stacy Parsons_
NOTARY PUBLIC, STATE OF FLORIDA

_Stacy Parsons_
(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 286006
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

Settlement Agreement
Page **10** of 11

65297506;1

IN WITNESS WHEREOF I have hereunto set my hand and seal to this Settlement Agreement this _2nd_ day of _August_ , 2022.

**Charles Humble:**
By: _Ch L Humb_
Print Name: _CHARLES HUMBLE_

STATE OF FLORIDA        )
                                        ) ss:
COUNTY OF _PalmBeach_ )

The foregoing instrument was acknowledged before me this _2nd_ day of _August_ , 2022 by **Charles Humble**. He is <u>personally known</u> to me or has produced _____ (type of identification) as identification.

_Stacy Parsons_
NOTARY PUBLIC, STATE OF FLORIDA
_Stacy Parsons_
(Print, Type or Stamp Commissioned Name of Notary Public)

STACY PARSONS
MY COMMISSION # GG 285008
EXPIRES: April 17, 2023
Bonded Thru Notary Public Underwriters

# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

      Plaintiff/Petitioner

vs.

NITV, LLC,

      Defendant/Respondent,

_____/

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

      Third Party Defendants.

_____/

## AGREED FINAL JUDGMENT

    This matter came before the Court upon the Motion to Enforce Settlement Agreement

("Motion"), and the Court, having been duly advised of the agreement of the parties to the terms

of this Agreed Final Judgment, it is hereby

    ORDERED AND ADJUDGED as follows:

    1.    The Motion is **GRANTED**.

    2.    A final judgment is hereby entered in favor of Michael R. Bakst as trustee of the

bankruptcy estate of NITV, LLC, and against Third Party Defendant NITV FEDERAL

63795814;1

SERVICES, LLC, whose last known address is 11400 Fortune Circle, West Palm Beach, FL 33414, and last four digits of TIN is 9542.

3.     There is due and owing to Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC the sum of $_____.

4.     Accordingly, Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC shall recover from Third Party Defendant NITV FEDERAL SERVICES, LLC, the sum of $_____, that shall accrue interest at the post-judgment rate of ____% under Section 55.03, Florida Statutes through December 31, 20__ and, thereafter, the interest rate will adjust in accordance with Section 55.03, Florida Statutes, until the Judgment is paid in full, **FOR WHICH SUM LET EXECUTION ISSUE.**

5.     Third Party Defendant NITV FEDERAL SERVICES, LLC shall complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) for an entity, including all required attachments, and shall serve Form 1.977 on the attorney of Michael R. Bakst, as trustee of the bankruptcy estate of NITV, LLC, within forty-five (45) days from the date of this Final Judgment, unless the Judgment is satisfied or post-judgment discovery is stayed.

6.     The Court retains jurisdiction of this case to enter further orders that are proper to compel the judgment debtor to complete Form 1.977, including all required attachments.

7.     The Court further retains jurisdiction to enter further orders and writs that are necessary or proper, including, without limitation, writs of execution.

**DONE AND ORDERED** in Palm Beach County, Florida, on _____, 20__.


_____
CIRCUIT COURT JUDGE

63795814;1

2

EXHIBIT "B"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

      Plaintiff/Petitioner

vs.

NITV, LLC,

      Defendant/Respondent,

_____/

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

      Third Party Defendants.

_____/

### AGREED MOTION TO DISMISS AND FOR THE COURT TO RETAIN JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT

Third Party Plaintiff ELWOOD GARY BAKER ("Plaintiff") and Intervenor, Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC, and Third Party Defendants, NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, and CHARLES HUMBLE (collectively, the "Defendants"), hereby move the Court to: (1) dismiss the proceedings supplementary, and Plaintiff's Amended Third Party Complaint in Execution, with prejudice, based on the parties' Settlement Agreement, a copy of which has been provided to the Court, and (2) retain jurisdiction to enforce the parties' Settlement Agreement.

**WHEREFORE**, the parties respectfully request the Court enter the Agreed Order of Dismissal attached hereto as **Exhibit "I."**

Dated: _____, 2022

Respectfully submitted,

| | |
|---|---|
| _____<br><br>Zappolo & Farwell, P.A.<br>Scott W. Zappolo, Esq.<br>7108 Fairway Drive, Suite 150<br>Palm Beach Gardens, FL 33418<br>szappolo@zappolofarwell.com<br>jfarwell@zappolofarwell.com<br>filings@zappolofarwell.com<br><br>*Counsel for Third Party Plaintiff ELWOOD GARY BAKER and Intervenor, Michael R. Bakst as trustee of the bankruptcy estate of NITV, LLC* | _____<br><br>William Fleck, Esq.<br>8895 North Military Trail, Suite E102<br>Palm Beach Gardens, FL 33410<br>wfleck@jla.legal<br>ptaylor@jla.legal<br><br>*Counsel for Third Party Defendants, NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, and CHARLES HUMBLE* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email to all parties on the Service List below on _____, 2022.

_____

## SERVICE LIST

Counsel for Third Party Plaintiff
    Zappolo & Farwell, P.A.
    Scott W. Zappolo, Esq.
    7108 Fairway Drive, Suite 150
    Palm Beach Gardens, FL 33418
    szappolo@zappolofarwell.com
    jfarwell@zappolofarwell.com
    filings@zappolofarwell.com

Counsel for Third Party Defendants
    Law Office of David Steinfeld
    3801 PGA Blvd., Suite 600
    Palm Beach Gardens, FL 33410
    dave@davidsteinfeld.com

    William Fleck, Esq.
    8895 North Military Trail, Suite E102
    Palm Beach Gardens, FL 33410
    wfleck@jla.legal
    ptaylor@jla.legal

3

**EXHIBIT "C"**

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AE
CASE NO: 50-2005-CA-001771-XXXX-MB

ELWOOD GARY BAKER,

      Plaintiff/Petitioner

vs.

NITV, LLC,

      Defendant/Respondent,

                                      /

ELWOOD GARY BAKER,

Third Party Plaintiff,

vs.

NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA,
JAMES KANE, and CHARLES HUMBLE,

      Third Party Defendants.

                                        /

### AGREED ORDER OF DISMISSAL AND RETENTION OF
### JURISDICTION TO ENFORCE SETTLEMENT AGREEMENT

THIS CAUSE, having come before the Court upon the parties' Agreed Motion to Dismiss

and for the Court to Retain Jurisdiction to Enforce the Settlement Agreement (the "Motion"), and the

Court having reviewed the Motion, being advised of the parties' agreement, and being duly advised

in the premises, it is hereby

      **ORDERED and ADJUDGED** that:

      1.    The parties' Motion is **GRANTED**.

63795822;1

2.  The proceedings supplementary and Plaintiff's Amended Third Party Complaint in Execution against NITV FEDERAL SERVICES, LLC, LOURDES IRIMIA, and CHARLES HUMBLE is hereby dismissed with prejudice, subject to the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement.

**DONE and ORDERED** in Palm Beach County, Florida this _____ day of _____, 202_.

_____
CIRCUIT JUDGE

Copies to parties on service list

## SERVICE LIST

Counsel for Third Party Plaintiff
    Zappolo & Farwell, P.A.
    Scott W. Zappolo, Esq.
    7108 Fairway Drive, Suite 150
    Palm Beach Gardens, FL 33418
    szappolo@zappolofarwell.com
    jfarwell@zappolofarwell.com
    filings@zappolofarwell.com

Counsel for Third Party Defendants
    Law Office of David Steinfeld
    3801 PGA Blvd., Suite 600
    Palm Beach Gardens, FL 33410
    dave@davidsteinfeld.com

    William Fleck, Esq.
    8895 North Military Trail, Suite E102
    Palm Beach Gardens, FL 33410
    wfleck@jla.legal
    ptaylor@jla.legal

63795822;1