**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

In re:                                                                                    Case No: 21-18481-MAM

**NITV, LLC,**                                                                   Chapter 7

    Debtor.
_____/

**SUMMARY OF FINAL FEE APPLICATION OF COUNSEL**

1. Name of Applicant:                          Greenspoon Marder LLP
2. Role of Applicant:                           Attorneys for Chapter 7 Trustee
3. Name of Certifying Professional:    Michael R. Bakst
4. Date Case Filed:                             August 31, 2021
5. Date of Retention Order:                 October 1, 2021

    **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:**

6. Period for this Application:
7. Amount of Compensation Sought:
8. Amount of Expense Reimbursement Sought

    **IF FINAL APPLICATION, COMPLETE 9, 10 AND 11 BELOW:**

9. Period for this Application          October 1, 2021 through January 18, 2023
10. Total Amount of Compensation Sought During Case:                 $32,983.50
11. Total Amount of Expense Reimbursement Sought During Case:    $    25.97
12. Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such Retainer has been received:   N/A
13. Current Balance of Retainer(s) remaining   N/A
14. Last Monthly Operating Report filed (Month/Year and ECF No.)   N/A
15. If case is a Chapter 11, current funds in Chapter 11 case:   N/A
16. If case is a Chapter 7, current funds held by Chapter 7 Trustee:           $164,002.39

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                            Case No: 21-18481-MAM

NITV, LLC,                                                        Chapter 7

    Debtor.
_____/

### FINAL FEE APPLICATION

Greenspoon Marder, LLP, attorneys for the Chapter 7 Trustee, applies for final compensation for fees for services rendered and costs incurred in this Chapter 7 proceeding. This application is filed pursuant to 11 U.S.C. §330 and Bankruptcy Rule 2016, and meets all of the requirements as set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this application pursuant to the Guidelines, are:

Exhibits "1-A and 1-B" – Summary of Professional and Paraprofessional Time.

Exhibit "2" – Summary of Requested Reimbursements of Expenses.

Exhibit "3" – The applicant's complete time records, in chronological order, by activity code category for the time period covered by this application. The requested fees are itemized to the tenth of an hour.

Exhibit "4" – Spreadsheet of previous interim fee applications: N/A.

The applicant believes that the requested fee of **$32,983.50 for 51.70 hours** worked is reasonable considering the twelve factors enumerated in <u>Johnson v. Georgia Highway Express, Inc.,</u> 488 F.2d 714 (5th Circuit 1974) made applicable to the bankruptcy proceedings by <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Circuit 1977), as follows:

    1.    **THE TIME AND LABOR REQUIRED**:

The time expended by the applicant for legal services furnished to the Chapter 7 Trustee as appears on Exhibit "A" does not reflect and cannot reflect all of the time actually expended by the applicant. Many telephone calls, routine correspondence, requests by creditors regarding the status of the Chapter 7 case and their individual claims cannot be reduced to time recordation and would increase the amount of time expended by the applicant in this case.

    2.    **THE NOVELTY AND DIFFICULTY OF THE SERVICES RENDERED:**

The Chapter 7 proceeding presented several matters that required the services and skill of an experienced bankruptcy attorney.

    3.    **THE PRECLUSION OF OTHER EMPLOYMENT BY THE PROFESSIONAL DUE TO THE ACCEPTANCE OF THE CASE:**

The applicant has devoted substantial time in the representation of the Chapter 7 Trustee as more fully appears on Exhibit "A". The applicant is aware of no other specific employment which was precluded as a result of its accepting this case, but had the applicant not accepted this employment, the time spent in this case would have been spent on other matters which would pay an hourly compensation on a current basis.

    4.    **THE CUSTOMARY FEE:**

The hourly rate charged by Greenspoon Marder, LLP, reflects the hourly rates the applicant bills to its clients in other similar bankruptcy cases; which is customary for attorneys in the Southern District of Florida of similar skill and experience.

The hourly rate charged for timekeepers who worked on this bankruptcy are as follows:

| Name | Title | Billed Per Hour |
|---|---|---:|
| Michael R. Bakst | Partner | $615.00 to $655.00 |
| Rilyn A. Carnahan | Senior Counsel | $530.00 |

**5.   TIME LIMITATIONS IMPOSED BY THE CLIENT OR OTHER CIRCUMSTANCES:**

The services performed by the applicant were performed under time constraints imposed by the Chapter 7 Trustee.  Therefore, considerable time ad to be expended within short periods of time to produce the pleadings, responses to other pleadings, and settlement documents, predicated upon the Chapter 7 Trustee's proposed actions to resolve the issues in this bankruptcy estate.

**6.   THE EXPERIENCE, REPUTATION, AND ABILITY OF THE APPLICANT:**

Greenspoon Marder, LLP with Michael R. Bakst as lead attorney, have substantial bankruptcy experience and have appeared numerous times before this Court on other matters and their reputation and abilities are well known to this Court.

**7.   UNDESIRABILITY OF THE CASE:**

The representation of this Chapter 7 estate was not undesirable.

**8.   THE LEGAL STANDARD:**

The applicable legal standard for compensation under 11 U.S.C. §330 is based on time, nature, extent, and value of the applicant's services, as well as the cost of comparable services other than in a case under Title 11. Therefore, it is respectfully required that the Court consider the reasonableness of the fee required by the applicant.

**9.   CASE NARRATIVE:**

This bankruptcy was filed as a voluntary Chapter 7 proceeding on August 31, 2021 by NITV, LLC.  Michael R. Bakst was appointed as the Chapter 7 Trustee in Bankruptcy for NITV, LLC. The Debtor filed its initial schedules on August 31, 2021[ECF No. 1].  The Debtor's 341 Meeting of Creditors was held and concluded on October 7, 2021 [ECF No. 10].

On October 1, 2021, the Trustee filed his Ex Parte Application to Employ Michael Bakst and the Law Firm of Greenspoon Marder LLP as Attorney for Trustee [ECF No. 8].  The Court entered the Granting the Trustee's Emergency Application to Employ Michael Bakst and the Law Firm of Greenspoon Marder LLP as Attorney for Trustee on October 1, 2021 [ECF No. 9].  Counsel reviewed the schedules  prior to the 341 Meeting of Creditors.  Counsel corresponded with Scott Zappolo and had conference calls relating to the possible removal of a state court action which involved the Debtor and possible cause of action matters.

At the time the Debtor filed the bankruptcy case, the law firm of Zappolo & Farwell, P.A. had a pending law suit against NITV, LLC and Third Party Defendants, NITV Federal Services, LLC, Charles Humble and Lourdes Irimia in the Circuit Court of the 15th Judicial Circuit, In and For Palm Beach County, Florida, Case Number 502005CA001771XXXXMBAE.  Counsel spoke with Scott Zappolo as to possibly representing the estate, spent time

preparing the application to employ, affidavit and order and conversing with Special counsel as to matters involved in the bankruptcy proceeding. On October 21, 2021, the Trustee filed his Application to Employ Zappolo, Esq., of the law firm of Rice Zappolo & Farwell, P.A. as Special Litigation Counsel [ECF No. 12] to represent the estate for the State Court Action whether in the Circuit Court or the Bankruptcy Court on a contingency basis. The Court entered the Order Granting Application to Employ Scott Zappolo as his Special Litigation Counsel on November 4, 2021 [ECF No. 15].

Counsel reviewed the claim of Brinkley Morgan and corresponded with Mark Levy, Esq. and Scott Zappolo as to issues involved with the claim.

Counsel emailed back and forth numerous times as to the status of the state court litigation. Counsel reviewed the correspondence as to course of action to take in state court and had a conference call and many emails discussing the matter with Special counsel. Counsel reviewed and responded to email as to allegation of the automatic stay applying in regard to the state court matter and reviewed the state court case docket and corresponded with special counsel as to same.

Counsel spent time conducting legal research in the argument raised by Debtor's counsel that the motion seeking substitute in as party plaintiff in state court supplement proceeding violates the automatic stay. Counsel reviewed case law holding that supplemental proceeding is its own separate action when third parties are brought in and cases where courts have specifically found that the Trustee is proper party to substitute into action brought by a creditor to recover on a judgment and prepared a summary of his findings to email back and forth with special counsel as to status.

Special counsel prepared and counsel reviewed the Motion for Relief from Stay and compared his findings in the case law research as to service of proper parties and conferred with special counsel as to same. On February 21, 2022, the Trustee filed his Motion to Clarify Order on Application to Employ *or alternatively for relief from Stay* [ECF No. 19]. On February 23, 2022, the Trustee filed his Motion for Clarification of the Automatic Stay, or in the alternative Motion for Relief from Stay [ECF No. 23]. On February 23, 2022, Adversary 22-01092 was initiated and a Notice of Removal by Defendant NITV Federal Services, LLC, Lourdes Irimia, James Kane, Charles Humble was filed. Counsel corresponded with Eyal Berger regarding his representation in the state court case as to the notice of removal and the case law cited in the notice of removal. Counsel emailed back and forth with special counsel as to how to proceed in light of removal of the state court matter by defendants and prepared for conference call as to same.

Counsel prepared for and participated in conference calls with special counsel and Eyal Berger, Esq. to discuss the case and emails to all parties as to scheduling a settlement conference. Counsel had numerous emails with parties to agree on a date for the scheduling conference and the requirements involved in the scheduling conference.

Counsel prepared for and reviewed the settlement conference statements prepared by special counsel and the settlement conference statement prepared by the defendant. Counsel had numerous telephone and email correspondence with special counsel in preparation for the settlement conference and attendance at same. On May 23, 2022, counsel attended and participated in the settlement conference.

On June 15, 2022 counsel attended the hearing on the Motion to Clarify Order and corresponded with Trustee as to same.

Counsel corresponded with special counsel and other attorneys involved in the proposed settlement agreement and reviewed the stipulation for settlement, revised same and emailed revisions to all parties. Counsel reviewed the motion for settlement and corresponded with all parties with revisions emailed to same. On August 31, 2022, the special counsel filed the Motion to Compromise Controversy with Debtor, Humble, Humble and NITV, LLC [ECF No. 42]. Counsel reviewed the motion for settlement, prepared for and attended the hearing on the motion for settlement. Counsel also reviewed and revised the order granting the settlement. The Court entered the Order Granting the Trustee's Motion to Approve Settlement Agreement Between Michael Bakst, as Chapter 7 Trustee and (Debtor) NITV, LLC, and to Pay Trustees Special Counsels Contingent Fees From Settlement Proceeds on October 25, 2022 [ECF No. 49]. Counsel reviewed the motion for remand, prepared for and attended hearing on same. The Court found that the settlement amount of $250,000.00 was reasonable and that special counsel's contingency fees of 35% in the amount of $87,500.00 was approved to be paid. Counsel corresponded with special counsel on pending matters based on the settlement and emailed back and forth with Eyal Berger as to form of payment on the settlement and emails to payee listed and confirmation that the check could be deposited.

Counsel prepared the orders pursuant to the settlement order, and on November 3, 2022 the Court entered the Order Denying as Moot the Motion for Clarification of the Automatic Stay Denying as Moot Motion For Relief From Stay [ECF No. 51] and in the adversary proceeding the Agreed Order Granting Agreed Motion to Remand to State Court, Denying all Outstanding Motions as Moot and Directing the Clerk to Close the File. On January 9, 2023, the adversary proceeding was closed and remanded to State Court [ECF No. 55].

Counsel corresponded with special counsel as to remaining matters in the case and prepared for an internal conference as to case status.

Counsel reviewed communications with counsel for Brinkley Morgan as to whether the statute of limitations may have run on its claim, prepared objection to claim based on legal analysis, and prepared the order for same.

The Trustee informed counsel that all funds had been collected and the case was now ready to close.

10. **CATERGORIES:**

I. **ADVERSARY PROCEEDINGS:**

The facts surrounding the adversary proceedings are explained within the Case Narrative.

II. **CONTESTED MATTERS:**

The facts surrounding the contested matters are explained within the Case Narrative.

III. **FEE/EMPLOYMENT:**

Review files; prepare Final Fee Application.

11. **CASE STATUS:**

All monies have been received and this case is ready to close.

WHEREFORE, applicant seeks a final award of fees in the amount of **$32,983.50** and reimbursement of costs in the amount of **$25.97** for a total of **$33,009.47.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the application, with all exhibits, has been furnished to all parties listed below in the manner indicated, this 19th day of January 2023.

          **GREENSPOON MARDER LLP**

          /s/ Michael R. Bakst
          MICHAEL R. BAKST, ESQ.
          Florida Bar No.: 866377
          Attorneys for Trustee
          525 Okeechobee Blvd., Suite 900
          West Palm Beach, FL 33401
          T:  (561) 838-4523
          Email: Michael.bakst@gmlaw.com

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R Bakst**  efilemrb@gmlaw.com, ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com;efileu3163@gmlaw.com;efileu3214@gmlaw.com;efileu3291@gmlaw.com
- **Michael R. Bakst**  efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com
- **Eyal Berger**  eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Julianne R. Frank**   julianne@jrfesq.com, G59511@notify.cincompass.com
- **Amanda Klopp**   amanda.klopp@akerman.com, jeanette.martinezgoldberg@akerman.com
- **Mark A Levy**   mark.levy@brinkleymorgan.com, sandra.gonzalez@brinkleymorgan.com;brinkleymorganecf@gmail.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Scott W Zappolo**   szappolo@zappolofarwell.com

## CERTIFICATION

1. I have been designated by **Greenspoon Marder LLP** (the "Applicant") as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "Guidelines").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for inhouse photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance:

**I HEREBY CERTIFY** that the foregoing is true and correct.

                GREENSPOON MARDER LLP

                /s/ Michael R. Bakst
                MICHAEL R. BAKST, ESQ.
                Florida Bar No.: 866377

**Dated: January 19, 2023**

# EXHIBIT 1-A
## SUMMARY OF PROFESSIONAL AND PARAPROFESSIONAL TIME

**PROFESSIONALS**

| Name | Year Licensed | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|---|
| Rilyn Carnahan | 12/31/2002 | 0.80 | 530.00 | 424.00 |
| Michael R. Bakst | 12/31/1990 | 10.80 | 615.00 | 6,642.00 |
| Michael R. Bakst | 12/31/1990 | 34.80 | 645.00 | 22,446.00 |
| Michael R. Bakst | 12/31/1990 | 5.30 | 655.00 | 3,471.50 |
| **SUBTOTALS** | | **51.70** | **$611.25** | **$32,983.50** |

**PARAPROFESSIONAL**

| Name | Year Licensed | Total Hours | Total Rate | Total Fees |
|---|---|---|---|---|
| SUBTOTALS | | | | |

**TOTAL:**

| | |
|---|---|
| Total Hours by Professional and Paraprofessional: | 51.70 |
| "Blended" Hourly Rate: ** | $637.98 |
| Total Professional and Paraprofessional Fees: | $32,983.50 |

* Indicate any changes in hourly rate during this Application and the date of such change: <u>**NONE**</u>
** Hourly Rate Totals Indicate "blended" hourly rate.

**Exhibit "1-B"**
**Summary of Professional and Paraprofessional Time by**
**Activity Code Category for this Time Period Only**

| Task Code | Name | Title | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| **B111 - Contested Matters** | | | | | |
| | Michael R. Bakst | Partner | 645.00 | 44.60 | 28,511.00 |
| | Rilyn Carnahan | Associate | 530.00 | 0.80 | 424.00 |
| | SUBTOTALS | | | 45.40 | 28,935.00 |
| **B118 - Adversary Proceedings** | | | | | |
| | Michael R. Bakst | Partner | 645.00 | 2.60 | 1,677.00 |
| | SUBTOTALS | | | 2.60 | 1,677.00 |
| **B160 - Fee/Employment Applications** | | | | | |
| | Michael R. Bakst | Partner | 655.00 | 2.50 | 1,585.50 |
| | SUBTOTALS | | | 2.50 | 1,585.50 |
| **B310 - Claims Administration and Objections** | | | | | |
| | Michael R. Bakst | Partner | 655.00 | 1.20 | 786.00 |
| | SUBTOTALS | | | 1.20 | 786.00 |

**EXHIBIT 2**
**Summary of Requested Reimbursement of Expenses**
**for this Time Period Only**

**(If this is a final application which does not cumulate prior interim applications, a separate summary showing cumulative expenses for all applications is attached as well)**

| | | |
|---|---|---:|
| 1. | Filing Fees | $0.00 |
| 2. | Process Service Fees | $0.00 |
| 3. | Witness Fees | $0.00 |
| 4. | Court Reporter Fees and Transcripts | $0.00 |
| 5. | Lien and Title Searches | $0.00 |
| 6. | Photocopies | |
| | (a) In-house Copies | $0.00 |
| | (b) Outside Copies | $0.00 |
| 7. | Postage | $25.97 |
| 8. | Overnight Delivery Charges (FedEx) | $0.00 |
| 9. | Outside Courier/Messenger Services | $0.00 |
| 10. | Long-Distance Telephone Charges | $0.00 |
| 11. | Long-Distance Fax Transmissions | $0.00 |
| 12. | Computerized Research | $0.00 |
| 13. | Out of Southern District of Florida Travel | |
| | (a) Transportation / Lodging | $0.00 |
| | (b) Meals | $0.00 |
| 14. | Other Permissible Expenses | |
| **Total Expense Reimbursement Requested** | | **$25.97** |

# GreenspoonMarder

Trade Centre South - Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Toll Free (888) 491-1120
Fax (954) 343-6272
Federal Tax ID 59-2402121

01/18/2023
Invoice No. 1433464
File No. 29511.0595

FOR PROFESSIONAL SERVICES RENDERED

NITV LLC

**B111-Contested Matters**

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 10/01/2021 | M.Bakst | 0.30 | 184.50 | Emails with Scott Zappolo as to conference call and matters to possibly pursue |
| 10/01/2021 | M.Bakst | 2.80 | 1,722.00 | Review of all related emails with pleadings and documents sent by Scott Zappolo (some time incurred prior to today); evaluate causes of action; emails as to same, as well as email as to possible removal of state court action; internal emails regarding case. |
| 10/04/2021 | M.Bakst | 0.80 | 492.00 | Emails with, prepare for and participate in telephone call with Scott Zappolo as to issues involving Debtor and case in general |
| 10/12/2021 | M.Bakst | 0.40 | 246.00 | Review matter as to status; emails with Scott Zappolo as to state court litigation and pursuit of same. |
| 10/14/2021 | M.Bakst | 0.20 | 123.00 | Follow up email with Scott Zappolo as to being employed as special counsel; internal emails as to same. |

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 10/19/2021 | M.Bakst | 0.60 | 369.00 | Emails with prospective special counsel as to employment; review and revise proposed retention contract. |
| 10/20/2021 | M.Bakst | 2.20 | 1,353.00 | Prepare application to employ special counsel, with affidavit and proposed order; emails relating to same prior to preparation of motion. |
| 11/02/2021 | M.Bakst | 1.00 | 615.00 | Prepare for and attend hearing on motion to approve hiring special counsel. |
| 11/03/2021 | M.Bakst | 0.30 | 184.50 | Prepare order approving retention of special counsel. |
| 11/04/2021 | M.Bakst | 0.30 | 184.50 | Review order entered approving hiring of special counsel; prepare email to Scott Zappolo as to same. |
| 11/08/2021 | M.Bakst | 0.40 | 246.00 | Review claim of Brinkley Morgan; prepare email to Mark Levy as to same; emails with Scott Zappolo as to same. |
| 11/19/2021 | M.Bakst | 0.20 | 123.00 | Review case status; send email to Scott Zappolo as to status of state court litigation. |
| 12/01/2021 | M.Bakst | 0.30 | 193.50 | Emails with Scott Zappolo as to conference call to discuss case. |
| 12/02/2021 | M.Bakst | 1.30 | 838.50 | Review file and prior emails in preparation for telephone call with Scott Zappolo as to course of action to take in state court; discuss matter with Scott Zappolo. |
| 01/18/2022 | M.Bakst | 1.30 | 838.50 | Review and respond to email from Julianne Frank as to allegation of automatic stay applying in regard to state court matter; review state court docket and bankruptcy docket as to same; emails with Scott Zappolo as to same. |

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 01/18/2022 | M.Bakst | 2.20 | 1,419.00 | Legal research argument raised by Debtor's counsel that motion seeking to substitute in as party plaintiff in state court supplemental proceeding violates automatic stay; review case law holding that supplemental proceeding is its own separate action when third parties are brought in; review cases where courts have specifically that trustee is proper party to substitute into action brought by creditor to recover on judgment; emails with Scott Zappolo summarizing results of research. |
| 02/03/2022 | M.Bakst | 0.30 | 193.50 | Review matter as to status; prepare follow up email to Scott Zappolo, special counsel. |
| 02/04/2022 | M.Bakst | 0.20 | 129.00 | Review and respond to email from Jeff Farwell as to inability of Scott Zappolo to respond until Monday, February 7th. |
| 02/21/2022 | M.Bakst | 1.60 | 1,032.00 | Review motion for stay relief prepared by special counsel; compare to case law previously cited and review same; email to Scott Zappolo (special counsel) as to confirming proper service of same. |
| 02/24/2022 | M.Bakst | 2.40 | 1,548.00 | Review and respond to emails from Eyal Berger regarding his representation in case; review notice of removal and case law cited in same; internal emails as to same; internal conferences as to same. |
| 02/24/2022 | M.Bakst | 0.40 | 258.00 | Review and respond to emails from Scott Zappolo as to how to proceed in case in light of removal of state court matter by defendants. |
| 02/25/2022 | M.Bakst | 0.60 | 387.00 | Emails with and conference with Scott Zappolo as to notice of removal; follow up emails as to arranging conference call. |

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 02/25/2022 | M.Bakst | 0.30 | 193.50 | Review emails and claim as to Brinkley Morgan proof of claim; prepare follow up email to Mark Levy as to same. |
| 02/28/2022 | M.Bakst | 1.40 | 903.00 | Prepare for and participate in conference call with Scott Zappolo and Eyal Berger to discuss case; follow up emails as to same; emails as to scheduling of settlement conference. |
| 02/28/2022 | M.Bakst | 0.20 | 129.00 | Review follow up email from Mark Levy as to claim; internal email as to same. |
| 03/01/2022 | M.Bakst | 0.40 | 258.00 | Review and respond to emails involving scheduling of settlement conference. |
| 03/04/2022 | M.Bakst | 0.30 | 193.50 | Emails with Scott Zappolo as to requirements for purposes of settlement conference. |
| 03/07/2022 | M.Bakst | 0.40 | 258.00 | Review and respond to email from Eyal Berger regarding hearing tomorrow on stay relief; follow up emails with counsel. |
| 03/08/2022 | M.Bakst | 0.60 | 387.00 | Emails with counsel prior to hearing on motion for clarification/stay relief; follow up emails as to same. |
| 03/08/2022 | M.Bakst | 0.30 | 193.50 | Prepare for and participate in internal department meeting regarding status of estate and pending matters to be addressed. |
| 05/17/2022 | M.Bakst | 0.80 | 516.00 | Emails with special counsel as to settlement conference call scheduled for tomorrow; review settlement conference statement prepared by special counsel. |
| 05/18/2022 | M.Bakst | 0.80 | 516.00 | Prepare for and attend presettlement conference call with Court; review settlement conference statement of defendant. |

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 05/18/2022 | M.Bakst | 0.20 | 129.00 | Emails with Scott Zappolo after conference call regarding questions about attendance at upcoming settlement conference. |
| 05/18/2022 | M.Bakst | 0.20 | 129.00 | Conference call with Scott Zappolo regarding upcoming settlement conference. |
| 05/23/2022 | M.Bakst | 0.60 | 387.00 | Review email with attachment from Scott Zappolo for purposes of settlement conference tomorrow; email in response; internal emails as to same. |
| 05/24/2022 | M.Bakst | 4.00 | 2,580.00 | Prepare for and attend settlement conference. |
| 06/13/2022 | M.Bakst | 0.80 | 516.00 | Review matter; emails with special counsel as to status of settlement stipulation. |
| 06/15/2022 | R.Carnahan | 0.80 | 424.00 | Attend hearing on motion to clarify order |
| 07/20/2022 | M.Bakst | 0.30 | 193.50 | Review email from counsel; prepare follow up email to special counsel regarding same. |
| 07/22/2022 | M.Bakst | 0.40 | 258.00 | Internal emails as to case status; follow up email with Scott Zappolo. |
| 07/25/2022 | M.Bakst | 0.70 | 451.50 | Review and respond to emails between counsel as to status of settlement agreement. |
| 07/26/2022 | M.Bakst | 0.50 | 322.50 | Review and respond to multiple emails on proposed settlement between counsel |
| 07/27/2022 | M.Bakst | 0.60 | 387.00 | Emails and telephone conversation with Scot Zappplo regarding settlement stipulation; review emails involving same. |
| 08/08/2022 | M.Bakst | 0.50 | 322.50 | Review latest stipulation draft from Scott Zappolo; follow up emails as to same |
| 08/15/2022 | M.Bakst | 0.30 | 193.50 | Review and execute final settlement stipulation; review related emails. |

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 08/16/2022 | M.Bakst | 0.80 | 516.00 | Review emails with counsel as to hearing on remove set for tomorrow and pending settlement; review prior emails; prepare email to Scott Zappolo regarding best form of motion to be filed. |
| 08/25/2022 | M.Bakst | 0.40 | 258.00 | Review matter as to pending status; follow up email with Scott Zappolo. |
| 08/29/2022 | M.Bakst | 0.70 | 451.50 | Review matter as to status; review draft motion to approve settlement; emails with special counsel; discuss changes to motion with special counsel. |
| 08/30/2022 | M.Bakst | 0.50 | 322.50 | Review emails, case file and pending issues in case to prepare for; participate in department meeting as to status of case and matters to be pursued.. |
| 09/28/2022 | M.Bakst | 1.00 | 645.00 | Review matter in preparation for hearing and attend hearing on motion to approve settlement; follow up email with special counsel as to form of order. |
| 10/10/2022 | M.Bakst | 0.30 | 193.50 | Review and revise order approving settlement; emails as to same. |
| 11/09/2022 | M.Bakst | 0.30 | 193.50 | Review and respond to emails with counsel as to ongoing proceedings based upon settlement. |
| 11/09/2022 | M.Bakst | 0.40 | 258.00 | internal review of matter based on status of settlement and pending matters. |
| 11/09/2022 | M.Bakst | 0.50 | 322.50 | Review emails as to form of motion for state court; review of motion and order; follow up emails as to same. |
| 11/09/2022 | M.Bakst | 0.30 | 193.50 | Review and respond to email from Eyal Berger as to payment and form of same; internal emails as to payee listed on check and confirmation that same can be deposited. |

16

Invoice No. 1433464

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 11/28/2022 | M.Bakst | 0.80 | 516.00 | Review email from Eyal Berger as to settlement payment; review case file; prepare email in response; review responsive emails. |
| 11/29/2022 | M.Bakst | 1.00 | 645.00 | Prepare for and attend hearing on motion for remand; email to counsel as to order on same. |
| 12/02/2022 | M.Bakst | 0.40 | 262.00 | Review and revise proposed order on remand; emails with counsel as to same. |
| 12/12/2022 | M.Bakst | 0.70 | 458.50 | Review latest email from Scott Zappolo as to submission of settlement order to state court; prepare email as to same; review and respond to emails involving remaining matters in case. |
| 12/15/2022 | M.Bakst | 1.00 | 655.00 | Prepare for and participate in internal conference as to case status. |
| 01/12/2023 | M.Bakst | 0.80 | 524.00 | Review docket and all orders in order to confirm remaining matters to wind up case. |
| | **Task Subtotal** | **45.40** | **28,935.00** | |

**B118-Adversary Proceedings**

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 03/11/2022 | M.Bakst | 1.40 | 903.00 | Review proposed agreed motion to extend time to file motion for remand; emails with Scott Zappolo as to same; review applicable Rule involving removal and legal issue raised by Scott Zappolo. |
| 03/15/2022 | M.Bakst | 0.20 | 129.00 | Emails with Scott Zappolo as to order extending time to respond to notice of removal. |
| 08/17/2022 | M.Bakst | 1.00 | 645.00 | Prepare for and attend hearing on removal; review related emails before and after hearing. |
| | **Task Subtotal** | **2.60** | **1,677.00** | |

**B160-Fee/Employment Applications**

| Date | Attorney | Hours | Amount | Description |
|---|---|---|---|---|
| 10/01/2021 | M.Bakst | 1.30 | 799.50 | Prepare application to employ counsel with affidavit and order. |
| 01/12/2023 | M.Bakst | 1.20 | 786.00 | Prepare final fee application. |

Invoice No. 1433464

|  |  |  |  |
|---|---|---|---|
| **Task Subtotal** | **2.50** | **1,585.50** | |

**B310-Claims Administration and Objections**

| 12/12/2022 | M.Bakst | 1.20 | 786.00 | Review communications with counsel for Brinkley Morgan regarding whether statute of limitations may have run on claim; review claim; prepare objection based on such legal analysis. |
|---|---|---|---|---|
| | **Task Subtotal** | **1.20** | **786.00** | |
| | HOURS | | **51.70** | |
| | TOTAL FOR SERVICES | | **32,983.50** | |

Invoice No. 1433464

DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| 10/11/2021 | Postage - 1 | 4.24 |
| 11/08/2021 | Postage - 1 | 17.49 |
| 11/08/2021 | Postage - 1 | 4.24 |
| | **TOTAL FOR DISBURSEMENTS** | **$25.97** |
| | **AMOUNT DUE THIS INVOICE** | **$33,009.47** |

### TIME SUMMARY

| Name | Title | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Rilyn Carnahan | Associate | 530.00 | 0.80 | 424.00 |
| Michael R. Bakst | Partner | 615.00 | 10.80 | 6,642.00 |
| Michael R. Bakst | Partner | 645.00 | 34.80 | 22,446.00 |
| Michael R. Bakst | Partner | 655.00 | 5.30 | 3,471.50 |
| **Total** | | | **51.70** | **$32,983.50** |

### TASK CODE SUMMARY

| Task Code | Description | Total Hours | Total Fees |
|---|---|---|---|
| **B111** | Contested Matters | 45.40 | 28,935.00 |
| **B118** | Adversary Proceedings | 2.60 | 1,677.00 |
| **B160** | Fee/Employment Applications | 2.50 | 1,585.50 |
| **B310** | Claims Administration and Objections | 1.20 | 786.00 |
| **Total** | | **51.70** | **$32,983.50** |

Invoice No. 1433464

## TASK CODE SUMMARY PER TIMEKEEPER

| Name | Title | Hourly Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| **B111-Contested Matters** | | | | |
| Michael R. Bakst | Partner | $645.00 | 44.60 | $28,511.00 |
| Rilyn Carnahan | Associate | $530.00 | 0.80 | $424.00 |
| Subtotal | | | 45.40 | $28,935.00 |
| **B118-Adversary Proceedings** | | | | |
| Michael R. Bakst | Partner | $645.00 | 2.60 | $1,677.00 |
| Subtotal | | | 2.60 | $1,677.00 |
| **B160-Fee/Employment Applications** | | | | |
| Michael R. Bakst | Partner | $655.00 | 2.50 | $1,585.50 |
| Subtotal | | | 2.50 | $1,585.50 |
| **B310-Claims Administration and Objections** | | | | |
| Michael R. Bakst | Partner | $655.00 | 1.20 | $786.00 |
| Subtotal | | | 1.20 | $786.00 |

## COST SUMMARY

| Code | Description | Amount Billed |
|---|---|---|
| SPOS | Postage | 25.97 |